HARRIS, APPELLANT, *v.* PLAIN DEALER PUBLISHING COMPANY ET AL., APPELLEES.*

(No. 53300—Decided March 7, 1988.)

*Darryl Niles,* for appellant.

*Baker & Hostetler, Karen B. Newborn* and *David L. Marburger,* for appellees.

CORRIGAN, J. Appellant, Leodis Harris, a common pleas judge, brought suit against the appellees, The Plain Dealer Publishing Co., Thomas Vail, its publisher, and David Hopcraft, its executive editor, and John Doe, the unknown author of an article published by appellees, for libel, invasion of privacy and intentional (or negligent) infliction of emotional stress. The complaint charged that appellees published an article about appellant headlined "Judge Beat Her, Wife Says in Divorce Suit" stating that "Patricia

---

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was overruled in 37 Ohio St. 3d 716, 532 N.E. 2d 765.

Harris alleges that * * * she had to call the * * * police and had to go to Hillcrest Hospital * * * after her husband beat her on her face and head." Appellant claimed both statements were false and made with actual malice.

Appellees, The Plain Dealer, Vail and Hopcraft, filed an answer which stated that the article concerned a public official, was published without malice, and was privileged under R.C. 2317.05 as a fair report of the filing of an affidavit, pleading or other document, or the contents thereof, in a criminal or civil cause. Appellees, The Plain Dealer, Vail and Hopcraft, filed a motion for summary judgment in November 1986 and appellant opposed it with a brief which cited other statements in the same article and requested, under Civ. R. 56(F), that the court either deny summary judgment or grant a continuance to allow completion of discovery. The trial court granted summary judgment for appellees and appellant appealed and raised three assignments of error.

## I

"In ruling upon the appellees' motion for summary judgment, the trial court erroneously applied the clear and convincing proof of actual malice standard."

The trial judge properly found that appellant was a public official, *New York Times Co.* v. *Sullivan* (1964), 376 U.S. 254; *Scott* v. *News-Herald* (1986), 25 Ohio St. 3d 243, 25 OBR 302, 496 N.E. 2d 699, and had to prove actual malice by clear and convincing evidence, *Gertz* v. *Robert Welch, Inc.* (1974), 418 U.S. 323, 342. Appellant contended that although he was a public official, the statements related to his private life and actual malice (discussed in Assignment of Error No. II) need not be proven when the statements did not concern the performance of his official duties.

" [A] charge of criminal conduct, no matter how remote in time or place, can never be irrelevant to an official's or a candidate's fitness for office for purposes of application of the "knowing falsehood or reckless disregard" rule of *New York Times * * *.'* " *Dupler* v. *Mansfield Journal Co.* (1980), 64 Ohio St. 2d 116, 118-119, 18 O.O. 3d 354, 356, 413 N.E. 2d 1187, 1190, fn. 2, certiorari denied (1981), 452 U.S. 962 (councilman/private investigator a public official although the statements concerned his private activities), quoting *Monitor Patriot Co.* v. *Roy* (1971), 401 U.S. 265, 277.

Assignment of Error No. I is overruled.

## II

"The trial court erred in ruling that there existed no genuine issue of material fact as to whether the publication was fair, accurate, impartial and written without malice."

R.C. 2317.05 provides in part:

*"The publication of a fair and impartial report of * * * the filing of any affidavit, pleading, or other document in any criminal or civil cause in any court of competent jurisdiction, or of a fair and impartial report of the contents thereof, is privileged, unless it is* proved that the same was *published maliciously,* or that defendant has refused or neglected to publish * * * [an] explanation or contradiction * * * by the plaintiff, * * * [or] the subsequent determination of such suit or action. * * *"* (Emphasis added.)

The wife's affidavit stated that appellant struck her and called the blow "one of a series of such physical assaults." The appellees characterized his acts as "beating" the wife. Saying "beating" or "beat" was a fair and impartial report of the contents of the affidavit. Reporting that she "had" to call the police and "had" to go to the hospital was a fair and impartial report of the wife's statements that she was "forced" to seek the protection of the

police and to seek treatment at a hospital.

Consulting each other before publishing the story was responsible behavior rather than evidence of doubts about its truth. Use of the word "judge" in the title was accurate although the wife did not refer to him as "judge." Publication with the knowledge that the divorce action and the criminal complaint were being withdrawn was not evidence of malice. The article reported the fact that they had been filed and their contents, and acknowledged the impending withdrawals. Their withdrawal does not make a report of their filing and contents false or questionable. A minor inaccuracy (use of "Patricia" rather than "Patsy," her legal name) does not make the article less than fair and impartial.

The evidence did not show a genuine issue of material fact as to whether a reasonable jury could find actual malice by clear and convincing evidence. *Anderson* v. *Liberty Lobby, Inc.* (1986), 477 U.S. 242.

Assignment of Error No. II is overruled.

### III

"The trial court erred when it granted appellees' motion for summary judgment without allowing appellant the opportunity to obtain more complete discovery."

Appellant stated that after appellees lost the first set of interrogatories he sent another set. Appellees failed to answer within twenty-eight days and instead filed the motion for summary judgment. Appellees answered the interrogatories a few days before appellant was required to oppose the motion. Appellant filed an affidavit stating that appellees had failed to answer in a timely manner and full discovery was denied. Appellant contended that appellees concealed the author, submitted an affidavit in which a woman reporter claimed to be the author, then submitted with the motion a second affidavit in which the same reporter denied authorship and contradicted her previous affidavit. Appellant requested that the court either deny or grant a continuance to complete discovery.

Appellant's complaint was filed in November 1983 and, after a transfer from Lake County, appellees answered in August 1984. Appellant did not file his first set of interrogatories until September 1986. Appellant delayed for two years. The trial judge properly determined that appellant "had more than adequate time for any and all discovery necessary. * * *"

Appellant's affidavit did not provide grounds for a continuance. The second affidavit filed by the woman reporter which disclaimed authorship was submitted on November 7, 1985, but appellant waited over nine months to submit interrogatories. Assignment of Error No. III is overruled.

In response to the court's inquiry of a possible Civ. R. 54(B) situation, because the record did indicate the identity of John Doe, appellant admitted in open court that he was not seeking redress against the unnamed defendant for his role as reporter, but rather against The Plain Dealer for the publication. Furthermore, appellees' counsel argued, and we think correctly, that service was not perfected against the unnamed defendant. See Civ. R. 15(D) and Civ. R. 3(A). Hence, the trial court did not render final judgment as to "fewer than all of the claims or parties" and the judgment was a final appealable order.

*Judgment affirmed.*

PRYATEL and MATIA, JJ., concur.