## BROWN et al.

### v.

## USAA CASUALTY INSURANCE COMPANY.

Court of Common Pleas of Ohio,
Stark County.

No. 1994CV00712–OT.

Decided April 24, 1995.

*Todd Kingery,* for plaintiffs.

*Terrence J. Kenneally,* for defendant.

JOHN G. HAAS, Judge.

This matter came on for consideration on the merits on a declaratory judgment action filed by the plaintiffs, Lora Brown et al., against USAA Casualty Insurance Company, defendant. This matter was submitted to the court on a

stipulation of facts, which is incorporated herein by reference, and the briefs of the parties. Two issues are presented for consideration by the court: first, whether or not a "bicycle" constitutes a "motor vehicle" pursuant to the uninsured motorist coverage provisions of the contract of insurance between the parties.

"Land motor vehicle" is not defined in the policy of insurance. The applicable language of the policy indicates that the company "will pay compensatory damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident."

The Ohio General Assembly has specifically defined "motor vehicle" in R.C. 4501.01(B):

"Motor vehicle means any vehicle, including manufactured homes and recreational vehicles, propelled or drawn by power other than muscular power, or power collected from overhead electric trolley wires, except motorized bicycles, road rollers, traction engines, power shovels, power cranes, and any other equipment used in construction work and not designed for or employed in general highway transportation."

"Bicycle" has been defined by the General Assembly in R.C. 4501.01(K) as follows:

" 'Bicycle' means any device, other than a tricycle, that is designed for use as a play vehicle by a child that is propelled solely by human power upon which any human may ride, and that has either two tandem wheels, or one wheel in front and two wheels in the rear, any of which is more than fourteen inches in diameter."

R.C. 3937.18(A)(1) provides that "uninsured motorist coverage * * * shall provide protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom * * *."

While the term "motor vehicle" has been interpreted by courts to include such vehicles as a backhoe being operated on a public highway, and a golf cart, the court can find no authority for an extension of the definition to include a bicycle which is not motorized and is operated by muscular power. Accordingly, the court holds that a bicycle is not included within the definition of "motor vehicle" for purposes of the applicability of the uninsured motorist coverage in the policy of the parties.

■ The second issue presented is whether an exclusion from coverage because the tortfeasor is on a bicycle, as opposed to in or on a motor vehicle, is violative of public policy. The court acknowledges that a strong argument can be made that there is no valid public policy basis for an operator of a motor vehicle, who has paid for uninsured motorist coverage, to be denied coverage when he is injured in his motor vehicle as a result of the tortious conduct of a third party, simply because the third party happens to be on an unmotorized mode of transportation. The court holds that this is a matter for the legislature to review and change.

A strong argument has been made that bicycles are regulated by traffic laws and that the focus of coverage should be whether the tortfeasor's mode of transportation could pose a risk to the motoring public and not simply whether the vehicle has a motor. The court, however, in interpreting R.C. 3937.18, cannot find where the legislature intended to include situations not involving motor vehicles. While this court is sympathetic to the arguments of the plaintiffs, it finds no legal authority to extend the definition of "motor vehicle" to include bicycles or to find that a policy provision limiting coverage to motor vehicles is violative of public policy. To rule otherwise could result in claims for uninsured coverage by operators of motor vehicles due to the tortious conduct of individuals on skate boards or roller blades. The court notes that a distinction could be drawn on the basis that bicycles are regulated by traffic laws and therefore should be included within the type of vehicle contemplated by the uninsured motorist coverage statute, R.C. 3937.18(A)(1). This court is not willing to draw that extension.

For the foregoing reasons, it is hereby ordered that the policy of insurance at issue did not provide uninsured motorist coverage where the tortfeasor was operating a bicycle, and further that such a limitation on coverage is not violative of public policy. Judgment is hereby granted in favor of the defendant, USAA Casualty Insurance Company. This is a final appealable order, and the court finds no just cause for delay.

*Judgment for defendant.*