**CAMPBELL, Appellant,**

v.

**B.P. PRODUCTS, INC., Appellee.**

[Cite as *Campbell v. B.P. Products, Inc.* (1996), 115 Ohio App.3d 604.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69807.

Decided Nov. 18, 1996.

*Dennis Seaman & Associates* and *David A. Kulwicki,* for appellant.

*Arter & Hadden* and *Mark F. McCarthy,* for appellee.

---

HARPER, Presiding Judge.

Plaintiff-appellant, Joyce Campbell, appeals from a summary judgment entered in favor of defendant-appellee, B.P. Products, Inc. ("B.P."), by the Court of Common Pleas of Cuyahoga County. Appellant submits that the trial court erred in applying the products liability "occasional seller" exception to "occasional manufacturers of products." A careful review of the record compels affirmance.

B.P. was founded in 1982 as a manufacturer and seller of a variety of propane heaters and lanterns, gaslights, propane hoses, and other propane accessories. According to B.P.'s President, Joseph W. Bondi, the company's products and accessories are neither manufactured nor sold as industrial machinery.

The instant case concerns a fixture assembly unit which was designed and constructed in 1982 by one of B.P.'s founders, Myron Byers. B.P. initially used the unit in its own business to produce a component part for propane camping

heaters. It subsequently contracted out the manufacture of the component part to Hi TecMetal Group, Inc. ("Hi Tec").[1] Hi Tec borrowed the fixture assembly unit and used it in the production of the component part, without incident, both prior to and after B.P.'s 1993 change in ownership.

Appellant, an employee of Area Temps, Inc., started working at Hi Tec in January 1994. She primarily operated an air press machine, and occasionally, a washer. Appellant's supervisor assigned her to the fixture assembly unit on February 1, 1994. After operating the unit for a short period of time, appellant's placement of her little finger on the unit resulted in the amputation of the tip of the finger.

Appellant filed her original complaint against B.P. in June 1994. She alleged that B.P. was liable for defective manufacture or construction, defective design, failure to warn or instruct, failure to provide postmarketing warnings, and failure to conform to representations.

■ B.P., in a motion for summary judgment, argued that the "occasional seller" doctrine embodied in *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267, prohibited appellant's products liability action. B.P. also suggested that the fixture assembly unit is not a "product" under R.C. 2307.71, thereby making appellant's products liability allegations refutable as well. Appellant countered that B.P. falls squarely within the R.C. 2307.71 statutory definition of "manufacturer." The trial court, citing *Wireman v. Keneco Distributors, Inc.* (May 27, 1994), Wood App. No. 93WD–78, unreported, 1994 WL 236189, granted judgment in favor of B.P.[2]

This accelerated appeal followed with appellant claiming that the trial court erred in expanding the "occasional seller" doctrine to B.P. She asserts that B.P. "engaged in a business to design, formulate, produce, create, make, construct, assemble, or rebuild a product or a component of a product," and is thus a manufacturer subject to Ohio's products liability law. See R.C. 2307.71(I) and 2307.73(A).

In *Wireman*, Marathon Oil Company ("Marathon") installed storage tanks at a site when it converted a service station to a "bulk plant." Marathon, several years later, designed and installed a vapor recovery system ("VRS") on four

1. Hi Tec also appears in the record as "Hi–Tech Metals."

2. Although appellant named Hi Tec as a defendant in an amended complaint, the record fails to indicate that a complaint was served on this named defendant. Reviewability of this appeal is, therefore, not hindered by the absence of Civ.R. 54(B) language. See *Drexler v. Greater Cleveland Regional Transit Auth.* (1992), 80 Ohio App.3d 367, 609 N.E.2d 231; *Harris v. Plain Dealer Publishing Co.* (1988), 40 Ohio App.3d 127, 532 N.E.2d 192; see, also, *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 537 N.E.2d 208.

storage tanks; the system was designed to prevent gasoline vapors from escaping into the environment.

Marathon subsequently leased the plant to Keneco Distributors, Inc. ("Keneco"), then sold it "as is" to KDI Properties, Inc., Keneco's land-holding corporation. Pursuant to a contract entered into by Keneco and Marathon, the plant would still be used to distribute Marathon's products.

In 1990, Keneco engaged the services of a contractor with the purpose of extending the life of the storage tanks. Several subcontractors were hired, and one of the subcontractor's employees was killed when an explosion occurred in a tank. The explosion allegedly stemmed from the failure to use the VRS during a gasoline delivery.

The administrator of the decedent's estate filed a wrongful death suit against a multitude of parties, including Marathon. The trial court granted summary judgment in favor of Marathon.

The Wood County Court of Appeals focused on two issues in reviewing the grant of summary judgment. First, was Marathon exempt from products liability because it was only an occasional seller? Second, was the VRS a fixture rather than personalty as specified in R.C. 2307.71(L)(1)? The court stated that if the trial court properly found that Marathon was an occasional seller, and that the VRS was a fixture, the summary judgment was proper.

Regarding the first issue, the court of appeals recognized that Marathon was in the business of exploration, recovery, and refining petroleum products. It also sells the petroleum products, both wholesale and retail. Since Marathon neither licensed the design of the VRS nor sold a finished system except for those included in the sale of the plant, the court characterized the defendant as an "occasional seller not subject to strict liability." Specifically, "its design, manufacture and sale of vapor recovery systems [were] an act ancillary to its principal business." Finding that the VRS was also a fixture, the court affirmed the trial court's grant of summary judgment in Marathon's favor.

The Supreme Court of Ohio, in a four-to-three decision, reversed this judgment in *Wireman v. Keneco Distributors, Inc.* (1996), 75 Ohio St.3d 103, 661 N.E.2d 744. The court did so by addressing only the fixture-versus-personalty issue without any reference to Marathon as an "occasional seller." Since the judgment was reversed, however, it is apparent that the Supreme Court did not accept the Wood County Court of Appeals' conclusion that no issue of material fact remained with regard to whether Marathon was subject to strict liability in connection with the VRS.

Justice Cook dissented from the *Wireman* majority's conclusion regarding Marathon, a dissent concurred in by Chief Justice Moyer and Justice Wright.

Justice Cook criticized the majority's failure to initially analyze whether Marathon was an "occasional seller": "the majority appears to bypass the primary step of determining whether Marathon is a manufacturer of vapor recovery systems ('VRS') within the meaning of R.C. 2307.71(I)." *Wireman* at 110, 661 N.E.2d at 749.

Justice Cook recognized that the statutory definition of "manufacturer" coincided with Section 402A of the Restatement of the Law 2d, Torts (1965) 347–348 and the Restatement's public policy designs. *Id.* She then placed great emphasis on the definition's requirement that a person be "engaged in a business" and the obvious intent behind this requirement, *i.e.*, "the legislature intended to exclude the occasional seller." *Id.* In Justice Cook's opinion, an isolated sale of a product, which is merely incidental to a particular business, is not subject to the liability scheme of R.C. 2307.71 through 2307.80. *Id.* The *Wireman* minority, finding that the majority's analysis was thus unwarranted, would have affirmed the judgment granted in Marathon's favor. *Id.* at 111, 661 N.E.2d at 750.

For reasons not expressed, the Supreme Court of Ohio found that Marathon may be subject to strict liability under Ohio's Product Liability Act. Although the trial court herein relied on the appellate opinion in *Wireman* in granting judgment in favor of B.P., the partial reversal of *Wireman* does not necessarily exclude an affirmance.

■ Appellant fails to demonstrate that genuine issues of material fact remain for litigation with regard to whether B.P. is a manufacturer of the fixture assembly unit as required by R.C. 2307.71(I). The record shows that B.P. was not engaged in a business directly relating to the unit itself. At least in *Wireman,* Marathon designed the VRS to be used directly on its storage tanks. Appellant moreover fails to demonstrate the existence of genuine issues of material fact whether the unit was ever intended to be introduced into trade or commerce, and thus a "product" under R.C. 2307.71(L)(1). The trial court, therefore, properly entered summary judgment in B.P.'s favor. *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095; *Johnson v. New London* (1988), 36 Ohio St.3d 60, 521 N.E.2d 793; *Temple, supra.*

Appellant's assignment of error is overruled.

*Judgment affirmed.*

PATTON, J., concurs.

DYKE, J., concurs in judgment only.