**HAYNES, Appellant,**

**v.**

**LOCK et al., Appellees.**

[Cite as *Haynes v. Lock* (1998), 127 Ohio App.3d 569.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73457.

Decided May 18, 1998.

*Seaman & Associates* and *Christian R. Patno,* for appellant.

*Mark V. Micheli,* for appellees.

*Per Curiam.*

The sole issue in this accelerated appeal is whether a bicycle constitutes a "motor vehicle" within the scope of the uninsured motorist coverage of an automobile insurance policy.

While crossing a public street as a pedestrian in a cross walk, plaintiff-appellant Nicole Haynes was struck by a bicycle. She sought in this action to recover uninsured motorist benefits under an automobile policy, under which she qualified as an insured, issued by defendant-appellee Nationwide Insurance Co. ("Nationwide").

Nationwide filed a motion for summary judgment on the grounds that the bicycle which struck her did not constitute a "motor vehicle." After receiving Haynes' brief in opposition, the trial court granted Nationwide's motion for summary judgment.[1]

Haynes appeals raising the following sole assignment of error:

---

[1] Plaintiff also named the bicyclist, Francis Lock, but failed to perfect service on him. Although the trial court did not adjudicate this claim, it is not pending in the trial court and does not defeat our jurisdiction. See *Harris v. Plain Dealer Publishing Co.* (1988), 40 Ohio App.3d 127, 129, 532 N.E.2d 192, 194–195.

"The trial court erred in granting defendant–appellee's motion for summary judgment and finding that defendant–appellee Nationwide had no duty to compensate plaintiff–appellant Nicole Haynes."

This assignment lacks merit.

Haynes argues alternately that Nationwide's policy clearly covers bicycles as "motor vehicles," that the policy is ambiguous, so it should be construed to do so, and that failure to provide such coverage is contrary to public policy. She argues that bicycles should be deemed to constitute "motor vehicles" for purposes of uninsured motorist coverage because bicycles are frequently treated like motor vehicles for purposes of state and municipal traffic, registration, and licensing requirements.

As in all insurance coverage disputes, our review begins with the uninsured motorist provision of Nationwide's Century II Auto Policy, which provides in part as follows:

"We will pay compensatory damages as a result of **bodily injury** suffered by **you** or a **relative** and due by law from the owner or driver of an **uninsured motor vehicle**. Damages must result from an accident arising out of the:

"1. ownership;

"2. maintenance; or

"3. use;

"of the **uninsured motor vehicle**." (Emphasis in original.)

The parties' dispute in this case concerns paragraph 7 of the definition section of the policy, which defines the term "motor vehicle" as follows:

"7. 'MOTOR VEHICLE' means a land **motor vehicle** designed for use on public roads. This does not include **motor vehicles** operated on rails or crawler treads. Other **motor vehicles** designed for use mainly off public roads are covered when used on public roads." (Emphasis in original.)

 There is no ambiguity in this language. Plaintiff's argument that a "bicycle" constitutes a "motor vehicle" ignores that the term "motor" modifies the term "vehicle" each time it is used. It is undisputed that the bicycle which collided with her was propelled by human power and was not powered by a "motor" of any kind.

The commonly shared and well-understood distinction between these terms is reflected in R.C. 4501.01, which defines the terms "vehicle," [2] "motor vehicle," and

---

**2.** R.C. 4501.01(A) defines "vehicle" to mean "everything on wheels or runners, including motorized bicycles * * *."

"bicycle ." [3] R.C. 4501.01(B) specifically defines the term "motor vehicle" to mean "any vehicle * * * propelled or drawn by power other than muscular power * * * except motorized bicycles * * *." Bicycles do not constitute "motor vehicles." *Brown v. USAA Cas. Ins. Co.* (1995), 70 Ohio Misc.2d 71, 651 N.E.2d 515.

Contrary to plaintiff's argument, R.C. 3937.18, the uninsured/underinsured motorist insurance coverage statute, relies on the same definitions. R.C. 3937.18(A)(1) mandates that "uninsured motorist coverage * * * shall provide protection for bodily injury or death * * * for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operations of uninsured *motor vehicles* because of bodily injury, sickness or disease, including death, suffered by any person insured under the policy. * * *" (Emphasis added.) It does not mandate such coverage for "bicycles."

For these reasons, neither Nationwide's policy nor R.C. 3937.18 provides or mandates uninsured motorist coverage for bicycle-pedestrian accidents arising solely from the use of bicycles. Nor is there any public policy that dictates otherwise.

Accordingly, plaintiff's sole assignment of error is overruled.

*Judgment affirmed.*

BLACKMON, A.J., KARPINSKI and PATTON, JJ., concur.

---

3. R.C. 4501.01(K) defines "bicycle" to mean "every device, other than a tricycle that is designed for use as a play vehicle by a child, that is propelled solely by human power upon which any person may ride, and that has either two tandem wheels, or one wheel in front and two wheels in the rear, any of which is more than fourteen inches in diameter."