DECISION AND JUDGMENT ENTRY
{¶ 1} Larry and Judy Newman appeal from a Highland County Common Pleas Court judgment in favor of Group One contending that the court erred in rejecting their claim for specific performance of the purchase contract. Specifically, they argue that the court erred in applying the doctrine of merger by deed since the restrictions in the deed were the result of a mutual mistake. We agree that the court erred in applying the doctrine of merger by deed. The contract in the present case specifically states that the terms and conditions of the contract "shall survive the closing." According to this language, the parties did not intend for the contract to merge into the deed. Therefore, the merger doctrine is inapplicable here. Nonetheless, we agree with the trial court that the doctrines of laches and/or waiver bar the Newmans' claim.
 {¶ 2} The Newmans' argue that laches does not apply here since their delay did not prejudice Group One. However, during the time the Newmans sat on their claim, Group One continued to tell purchasers that all the lots in the development would contain identical restrictions. Removing the restrictions from the Newmans' property now would open Group One up to lawsuits by other purchasers. We believe the potential liability in this case constitutes material prejudice. Because Group One suffered material prejudice as a result of the delay, the trial court did not err in concluding that laches bars the Newmans' claim. Additionally, upon reviewing the record, we conclude the doctrine of waiver also bars the Newmans' claim. The lengthy delay of almost four years, coupled with the Newmans' conduct in improving the property, is a waiver of their claim against Group One. Accordingly, we affirm the trial court's judgment.
 {¶ 3} Sometime in the early 1990s, William Armintrout, Myron Callahan, Larry Hofferbert, and Jesse Williams formed a registered partnership called Group One. Subsequently, the partners purchased a 150-acre tract of real estate located on Sharpsville Road in Highland County, Ohio. The partners planned to subdivide the property and sell it off in 5-acre lots. Accordingly, they had the property surveyed off into 28 lots consisting of about 5 acres each.
 {¶ 4} In 1994, Mr. Newman contacted Debbie Williams of Flach Real Estate to inquire about purchasing three lots owned by Group One. During the negotiations, Mrs. Williams informed Mr. Newman that the deed for the lots would contain certain restrictions. The relevant restrictions provided that the property was to be used for residential purposes only and that livestock were not permitted on the property. At trial, Mr. Newman testified that he told Mrs. Williams the restrictions were unacceptable. According to Mr. Newman, Mrs. Williams knew that he intended to "run cattle" on the property and operate his business from the property.
 {¶ 5} In August 1994, Mr. Newman made an offer on Lots 11, 12, and 13. The offer contained a handwritten provision requiring Group One to convey a "warranty deed free of all encumbrances". Over the next month, Mr. Newman and Jesse Williams negotiated the purchase price of the lots. At no time, however, did they discuss the restrictions on the property. In September 1994, Mr. and Mrs. Newman entered into a written contract for the purchase of the three lots. The contract contained a handwritten provision identical to the one in Mr. Newman's initial offer. Furthermore, the contract made no mention of restrictions on the property. The partners in Group One signed the purchase contract on September 8, 1994.
 {¶ 6} Three weeks after Group One signed the contract, the parties closed on the property. According to Mr. Newman, he did not see a copy of the deed at closing. Nonetheless, the deed was recorded on October 4, 1994. Five days later, Mr. Newman received a copy of the deed in the mail. At that time, he learned that his deed contained restrictions.
 {¶ 7} In July 1998, almost four years after they learned of the restrictions in their deed, Mr. and Mrs. Newman filed a complaint against Group One and Flach Real Estate, Inc. In their complaint, the Newmans sought specific performance of the purchase contract. Specifically, they asked that they be provided with a "warranty deed, free of all encumbrances * * *." Although the Newmans obtained service of process against Group One, they were unsuccessful in their attempts to serve Flach Real Estate. Group One subsequently filed an answer asserting several affirmative defenses, including laches, waiver, and merger by deed. The case proceeded to trial in May 1999.
 {¶ 8} Mr. Newman testified that he did not believe the deed would contain restrictions when he signed the contract. He stated that he included the provision requiring a warranty deed free of encumbrances to ensure the property would be free from restrictions. Mr. Newman testified that he saw a copy of the mortgage at closing, but the property description in the mortgage did not include restrictions. He testified that he did not see a copy of the deed at the closing. According to Mr. Newman, he first became aware of the restrictions in his deed when he received a copy of the recorded deed in the mail. When asked why he waited so long to file his claim, Mr. Newman indicated that he was involved in another legal matter when he first learned of the restrictions. Additionally, he testified that he had a difficult time finding an attorney to represent him.
 {¶ 9} The only other witness to testify was Mr. Armintrout. Mr. Armintrout testified that Group One had sold all 28 of its lots by the time of trial. Moreover, he testified that all the lots contain identical restrictions. He indicated that each prospective purchaser was to be made aware of the restrictions before entering into a contract. Mr. Armintrout testified that the partners were not aware Mr. Newman did not want the restrictions when they contracted with him. He testified that the partners would not have agreed to transfer the property to Mr. Newman without restrictions. Finally, Mr. Armintrout testified that if Mr. Newman had contacted the partners immediately after learning of the restrictions, they would have rescinded the contract and returned his purchase money.
 {¶ 10} In August 2004, the trial court issued a judgment in favor of Group One. The court found that a restriction on the use of property constitutes an encumbrance and thus, a tile with restrictions does not satisfy a contract for a title free of encumbrances. However, the court concluded that the Newmans could not bring a claim on the underlying purchase contract because the contract had merged into the deed. Additionally, the court concluded that the doctrine of laches bars the Newmans' claim. The court found that the Newmans' delay in asserting their claim prejudiced Group One. The Newmans now appeal and raise the following assignments of error: "ASSIGNMENT OF ERROR NO. 1 — The trial court committed reversible error applying the doctrine of laches when there was insufficient evidence that the appellee was materially prejudiced. ASSIGNMENT OF ERROR NO. 2 — The trial court abused its discretion in finding that appellant's claim was barred by laches.ASSIGNMENT OF ERROR NO. 3 — The trial court erred when it applied the doctrine of merger and/or estoppel by deed."
 {¶ 11} Before considering the Newmans assignments of error, we must first determine whether the trial court's judgment is a final, appealable order. Although the complaint names Group One and Flach Real Estate as defendants, the court's judgment entry only addresses the claim against Group One. Moreover, the entry does not contain language indicating that there is no just reason for delay. See Civ.R. 54(B). Thus, at first glance, it appears the court's entry is not a final, appealable order. However, a closer review of the record reveals that the Newmans did not serve Flach within one year after filing the complaint as required by Civ.R. 3(A). Because the Newmans did not serve Flach within one year, the action against Flach never commenced. See, generally, Lash v. Miller
(1977), 50 Ohio St.2d 63, 65, 362 N.E.2d 642; Burgess v. Doe (1996),116 Ohio App.3d 61, 68, 686 N.E.2d 1141; Civ.R. 3(A). Accordingly, Civ.R. 54(B) does not apply and the trial court's judgment is a final, appealable order.
 {¶ 12} For the sake of convenience, we will address the Newmans' assignments of error out of order. We begin with their third assignment of error. Here, the Newmans' argue that the court erred in applying the doctrine of merger by deed. We agree, albeit for a different reason than that advanced in the Newmans' brief.
 {¶ 13} The doctrine of merger provides that when a deed is delivered and accepted without qualification, the underlying purchase contract becomes merged into the deed and a cause of action no longer exists upon the contract. See 37 Robinwood Assoc. v. Health Industries, Inc. (1988),47 Ohio App.3d 156, 157-58, 547 N.E.2d 1019. See, also, Fuller v.Drenberg (1965), 3 Ohio St.2d 109, 209 N.E.2d 417, paragraph one of the syllabus. Instead, the purchaser is limited to the express covenants in the deed. Fuller, 3 Ohio St.2d at 111, citing Brumbaugh v. Chapman
(1887), 45 Ohio St. 368, 13 N.E.2d 584. In explaining the underpinnings of the doctrine, the author of a prominent treatise notes: "In reality, this doctrine is merely an application of the contract doctrine of integration. Under this doctrine, all prior documents are considered to be integrated into the final contract, and only the provisions contained in the final contract are part of the agreement. This doctrine is the combined result of the parol evidence rule and the rule of interpretation which seeks to determine the intentions of the parties. Thus, if it can be shown that the parties actually intended that the provisions of a prior agreement continue in force, then the provisions do so continue. Similarly, the merger doctrine should only be applied as a canon of construction that attempts to arrive at the true intention of the parties to a deed. Thus, if there is a specific survival clause in the priorcontract of sale, or in a contemporaneous document delivered at the sametime as the deed, which states that its provisions are to survive thedelivery of the deed, then the merger doctrine does not apply. * * *." 14 Powell on Real Property (1995) 81A-136, Section 81A.07[1][d] (Emphasis added.)
 {¶ 14} Here, the third paragraph of the purchase contract specifically states that the terms and conditions of the contract "shall survive the closing." Presumably, both parties read the contract before signing it. Yet, neither party objected to the presence of a survival clause in the contract. It is apparent from the language of the contract that the parties intended the purchase contract to survive delivery of the deed at closing. That is, the parties did not intend for the purchase contract to merge into the deed. In accordance with the parties' intent, we conclude the doctrine of merger by deed is inapplicable here. See Powell, supra. The survival clause prevents the purchase contract from merging into the deed. See, generally, Erie Islands Resort Marina v. Stephenson (May 5, 2000), Ottawa App. No. OT-99-073. Accordingly, we find that the Newmans' third assignment of error has merit. However, we affirm the court's judgment, for we conclude that the doctrines of laches and waiver bar the Newmans' claim.
 {¶ 15} In their first and second assignments of error, the Newmans argue that the trial court erred in concluding that the doctrine of laches bars their claim. They argue that their delay in asserting their claim did not cause Group One to suffer material prejudice.
 {¶ 16} The doctrine of laches applies when there has been "an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Emrick v. MulitconBuilders, Inc. (1991), 57 Ohio St.3d 107, 111, 566 N.E.2d 1189, quotingConnin v. Bailey (1984), 15 Ohio St.3d 34, 472 N.E.2d 328. Delay in asserting a right does not of itself constitute laches. Smith v. Smith
(1959), 168 Ohio St. 447, 156 N.E.2d 113, paragraph three of the syllabus. Rather, the person for whose benefit the doctrine will operate must show that he or she has been materially prejudiced by the delay.Id. We review a trial court's decision regarding application of laches under an abuse of discretion standard. See, e.g., Bahner's Auto Parts v.Bahner (July 23, 1998), Scioto App. No. 97CA2538.
 {¶ 17} The Newmans do not challenge the trial court's finding that their delay was unreasonable. Instead, they focus on the prejudice aspect of laches. Specifically, they argue that Group One did not suffer material prejudice as a result of their delay. However, Group One argues that removing the restrictions from the Newmans' deed would harm the partnership since the other purchasers with whom it dealt would still be bound by the restrictions. Group One contends that there is a great likelihood that the other purchasers would pursue legal action since the partnership had told the purchasers that all the lots would be bound by the same restrictions. In response, the Newmans argue that Group One failed to offer any evidence that the other property owners were prepared to bring legal action if the restrictions were removed from the Newmans' property. They argue that it is possible the other owners would not object if the restrictions were removed from the Newmans' deed.
 {¶ 18} The record indicates that the Newmans waited 3 years and 9 months before filing their claim against Group One. During that time, Group One sold the remaining lots in its development. All of the lots Group One sold contain the same restrictions as the Newmans' property. Additionally, Group One represented to its purchasers that all the lots in the development would be restricted to residential use. To remove the restrictions from the Newmans' property now, would open Group One up to suits by the other purchasers. True, there is no guarantee that the other purchasers would file lawsuits against Group One. Nevertheless, we believe the potential liability is sufficiently prejudicial to allow the application of laches.
 {¶ 19} In their brief, the Newmans contend that Group One did not change its position because of their failure to assert their claim. They note that Group One "went about its business as usual." It is true that Group One did not change its behavior during the time the Newmans sat on their claim. Nonetheless, Group One's position did change. Because of the delay, Group One now faces the possibility of lawsuits by the other purchasers. If the Newmans had informed Group One of the problem sooner, Group One could have rescinded the contract and returned Newman's purchase price or changed the way it presented its lots to purchasers. That is, Group One could have informed the purchasers that there was a possibility that not all the lots in the development would contain the restrictions. However, because of the Newmans' delay, Group One did not have that opportunity. Instead, Group One continued to tell its purchasers that all the lots in the development would be restricted to residential use and thus, they now face the potential of litigation and its associated costs. Given these facts, we agree with the trial court's finding that Group One suffered material prejudice as a result of the Newmans' delay. Thus, the trial court did not abuse its discretion in concluding that the doctrine of laches bars the Newmans' claim.
 {¶ 20} Additionally, upon reviewing the record, we find that the doctrine of waiver bars the Newmans' claim. Waiver is the voluntary surrender or relinquishment of a known right or intentionally doing an act inconsistent with an assertion of that right. Marfield v.Cincinnati, D T Traction Co. (1924), 111 Ohio St. 139, 145,144 N.E. 689. In the latter case, waiver "may be accomplished by acts or conduct and there may be an estoppel from insisting upon the right claimed to have been relinquished * * *." Id.
 {¶ 21} As noted above, the Newmans waited almost four years before filing their lawsuit against Group One. During that time, the Newmans made improvements to the property. Mr. Newman testified that he put in a septic system as well as a driveway. Additionally, he has begun construction of a garage. We conclude that the delay of more than three years coupled with the Newmans' conduct in improving the property constitutes a waiver of their claim against Group One. Accordingly, we overrule the Newmans' remaining assignments of error and affirm the trial court's judgment.
Judgment Affirmed.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.