DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court and the following disposition is made:
{¶ 1} Appellant, Bonnie Thomas, appeals from the judgment of the Summit County Court of Common Pleas which granted summary judgment in favor of Appellee, Eddie Miller. This Court dismisses Appellant's appeal.
 I. {¶ 2} This lawsuit arises out of a trespass action Appellant filed against Select Forestry Services ("SFS"). See Thomas v.Select Forestry Services, Summit Cty. No. 2002-05-2781 (referred to herein as "the previous action"). Appellant's claim was based solely on SFS's vicarious liability for Appellee's actions in entering her property as an agent in 2002. In his capacity as a representative of SFS, Appellee negotiated with Appellant's neighbor for the purchase of timber on the neighbor's property and executed a purchase agreement on behalf of SFS. In the process of arranging the timber purchase, Appellee mistakenly traversed onto Appellant's property. Thereafter, 4-K Transport ("4-K"), the logging company that bought the timber from SFS, inadvertently cut and hauled away trees from Appellant's property.
 {¶ 3} The previous action was settled and dismissed with prejudice in May of 2003. In September of 2004, Appellant filed suit against Appellee and 4-K, seeking damages for their involvement in the 2002 incident. Appellant failed to perfect service on 4-K. Appellee filed a motion for summary judgment on November 24, 2004, claiming that Appellant's action was barred by the doctrine of collateral estoppel. The trial court granted Appellee's motion on February 17, 2005. On February 21, 2006, Appellant filed a voluntary dismissal of her complaint against 4-K. Appellant then filed a notice of appeal from the trial court's judgment entry on March 23, 2006, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED IN GRANTING APPELLEE SUMMARY JUDGMENT BASED ON RES JUDICATA WHEN THERE EXISTED A GENUINE ISSUE AS TO MATERIAL FACT AND WHEN REASONABLE MINDS COULD COME TO MORE THAN ONE CONCLUSION OTHER THAN IN FAVOR OF APPELLEE."
 {¶ 4} In her sole assignment of error, Appellant claims that the trial court erred in granting summary judgment in favor of Appellee on the basis of res judicata. We disagree.
 {¶ 5} Appellant commenced this action against Appellee and 4-K Transport, Ltd. ("4-K"), in September of 2004. Appellant perfected service on Appellee but failed to perfect service on 4-K.[1] On November 4, 2004, the Clerk of Courts issued a notice to Appellant of its failure to obtain regular mail service of 4-K. Thereafter, Appellant made no further attempts to perfect service on 4-K. Appellee filed his motion for summary judgment on November 24, 2004. The trial court granted Appellee's motion on February 17, 2005. The trial court made no mention of 4-K in its order granting summary judgment as 4-K had not been properly served. Appellant failed to serve 4-K within one year after filing the complaint as required by Civ.R. 3(A). See also Newmanv. Group One, 4th Dist. No. 04CA18, 2005-Ohio-1582, at ¶ 11. Because Appellant failed to serve 4-K within one year, the action against them never commenced. Id. See Drexler v. GreaterCleveland Regional Transit Auth. (1992), 80 Ohio App.3d 367, 369
(finding that where two defendants are named in a complaint but only one receives proper service, an order granting summary judgment in favor of the one defendant is final and appealable);Campbell v. B.P. Products, Inc. (1996), 115 Ohio App.3d 604, at fn 2. Accordingly, Civ.R. 54(B) does not apply to the lower court's order granting summary judgment and the trial court's February 17, 2005 judgment is a final, appealable order.
 {¶ 6} Pursuant to App.R. 4(A), Appellant had thirty days to file a notice of appeal from the trial court's February 17, 2005 order granting summary judgment in favor of Appellee. Appellant voluntarily dismissed 4-K on February 21, 2006. She then filed her notice of appeal on March 23, 2006. The voluntary dismissal was a nullity as the action as to 4-K was never commenced. As Appellant failed to timely appeal from the trial court's judgment, her appeal is dismissed as time barred.
The appeal is dismissed.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J. Boyle, J. Concur
[1] The Clerk of Courts issued service of summons to 4-K and Appellee via certified mail on September 15, 2004. Service was perfected on Appellee but not on 4-K. The Clerk then sent notice to Appellant that it had failed to obtain certified mail service on 4-K. Appellant again attempted to serve 4-K by certified mail but this attempt also failed. Appellant then filed instructions with the Clerk to have service issued via regular mail. On November 4, 2004, the Clerk sent Appellant notice of its failure to obtain service by regular mail as the envelope containing the summons and complaint had been returned by postal authorities with an endorsement showing a failure of delivery because the party had moved, leaving no address. Appellant made no further attempts to perfect service on 4-K.