[Cite as *Perry Cty. Bd. of Commrs. v. Hocking Technical College*, 2023-Ohio-3439.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| PERRY COUNTY BOARD OF COMMISSIONERS | JUDGES:<br>Hon. William B. Hoffman, P.J.<br>Hon. John W. Wise, J.<br>Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellant | |
| -vs- | |
| | Case No. 22-CA-00009 |
| HOCKING TECHNICAL COLLEGE dba HOCKING COLLEGE | |
| Defendant-Appellee | O P I N I O N |


CHARACTER OF PROCEEDINGS:     Appeal from the Perry County Court of
                              Common Pleas, Case No. 22-CV-00095


JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       September 26, 2023


APPEARANCES:


For Plaintiff-Appellant              For Defendant-Appellee

ANTHONIO C. FIORE                    PAUL R. KERRIDGE, ESQ.
THOMAS P. PANNETT                    STEVEN C. COFFARO, ESQ.
PETER W. STOECKLEIN                  STEPHANIE M. SCOTT, ESQ.
Kegler, Brown, Hill & Ritter, LPA    Keating Muething & Klekamp, PPL
65 East State Street – Suite #1800   One East Fourth Street – Suite #1400
Columbus, Ohio 43215                 Cincinnati, Ohio 45202

*Hoffman, P.J.*

{¶1} Plaintiff-appellant Perry County Board of Commissioners appeals the October 17, 2022 Order and Entry of Dismissal entered by the Perry County Court of Common Pleas, which memorialized the court's September 8, 2022 Decision granting defendant-appellee Hocking Technical College's motion to dismiss.

STATEMENT OF THE FACTS AND CASE

{¶2} There are no material facts in dispute. On December 5, 1991, the Perry County Board of Commissioners ("the Board") and Hocking Technical College ("the College") entered into an agreement whereby the Board agreed to transfer a parcel of land to the College without cost and to be used exclusively for educational purposes ("the Agreement"). Pursuant to the Agreement, the parcel of land "basically [consisted] of ten acres of the land owned by [Perry] County adjacent to the Perry County Infirmary and fronting on State Route 37." The Agreement at p. 2, unpaginated. The parcel of land was to be more specifically surveyed subsequent to the execution of the Agreement. The Agreement further provided "[a]ny deeds of conveyance made to the College by the Board shall contain reverter clauses providing that the property conveyed shall revert to the County of Perry when and if the property is no longer used for educational purposes by the College." *Id.*

{¶3} On September 2, 1993, the Board executed a Warranty Deed ("the Deed") which conveyed to the College a single parcel comprised of 25.004 acres of land and located adjacent to State Route 37 ("the Property"). The Deed contained the reverter clause contemplated in the Agreement:

This conveyance is made upon the condition that the [College] commence construction of a facility for housing governmental offices and the education activities of [the College] within four (4) years of the date of execution of the deed.  Should the [College], for any reason, fail to commence construction of said facility, then in such an event, this conveyance shall be null and void and the property described herein revert to the ownership of the [Board].

Warranty Deed, dated September 28, 1993, at Vol. 109, Page 817 of the Perry County Official Records.

**{¶4}**  The College began construction of the requisite facility within four years, and has been using the facility for governmental and educational purposes since 1996. The Board claims the College has only utilized approximately 25% of the Property transferred.

**{¶5}**  On March 31, 2022, the College released a request for proposals on approximately fifteen (15) acres of the Property ("the RFP").  The College desired "to spur economic development in the area and toward that goal" was considering "[s]elling the land;" "[l]easing the land;" and/or "[c]reating a partnership to develop the land."  Hocking Technical College Request for Proposals, attached as Exhibit C to Complaint.  The RFP noted the criteria with which College would evaluate proposals included "[f]inancial benefit to College" and "[e]conomic impact to Perry County and the local community."  *Id.*  The Board sent a cease-and-desist letter to Dr. Betty Young, the current president of the College, on April 27, 2022.

{¶6} On May 4, 2022, the Board filed a complaint for quite title and reversion of the unused portion of the Property. The College filed a Civ. R. 12(B)(6) motion to dismiss on June 21, 2022. With leave of court, the Board filed a memorandum contra on July 18, 2022. The College filed a reply on July 29, 2022.

{¶7} The trial court issued a decision on September 12, 2022. Therein, the trial court found the Deed was clear and unambiguous, and did not present a need for any interpretation. The trial court concluded it did not have the authority to change the Deed. The trial court "declare[d] that the [College was] the rightful holder of title to the entire property; the [Board had] no estate, right, title or interest in the remainder of the property; and the Complaint should be dismissed in its entirety with prejudice pursuant to Ohio Civ. R. 12(B)(6)." September 12, 2022 Decision at p. 3, unpaginated. The trial court ordered the College to prepare an entry expressing its decision. On October 17, 2022, the trial court filed its Order and Entry, which reads, in toto:

> For the reasons set forth in the Court's Decision dated September 8, 2022, this action and all claims asserted herein are dismissed, with prejudice. [The Board] is to bear court costs with each party to bear their own attorney's or other fees.
>
> October 17, 2022 Order and Entry.

{¶8} It is from this judgment entry the Board appeals, raising the following assignments of error:

I. THE TRAIL COURT ERRED BY FAILING TO FIND THAT A "SHORT PLAIN STATEMENT" OF THE CLAIM ALLEGING THE FACTS THAT SUPPORT THE CLAIM IS ALL THAT IS REQUIRED FOR NOTICE PLEADING IN OHIO.

II. THE TRAIL COURT ERRED BY FAILING TO TAKE JUDICIAL NOTICE OF PUBLIC DOCUMENTS OR TO CONSIDER A CONTEMPORANEOUS AGREEMENT TO THE EXECUTED DEED THAT RAISED SIGNIFICANT ISSUES REGARDING THE INTERPRETATION OF THE DEED.

III. THE TRIAL COURT ERRED IN DISMISS [SIC] THE COMPLAINT WHEN THE FACTS BEFORE IT MADE CLEAR THAT DEFENDANT INTENDED TO USE THE PUBLICLY DEDICATED PROPERTY FOR PRIVATE GAIN.

IV. THE TRIAL COURT ABUSED ITS DISCRETION BY ELIMINATING PLAINTIFF-APPELLANT'S MINING AND ACCESS RIGHTS.

V. THE TRIAL COURT ABUSED ITS DISCRETION BY GRANTING DEFENDANT-APPELLEE'S RIGHTS TO THE FULL 25.004-ACRE LOT DESPITE A RECORDED TRANSFER IN 2021 OF 5 ACRES.

I, II

**{¶9}** We elect to address the Board's first and second assignments of error together. In its first assignment of error, the Board contends the trial court erred in failing

to find the complaint satisfied the requirement of Civ. R. 8(A) by setting forth "a short plain statement" of the claim.  In its second assignment of error, the Board argues the trial court erred in failing to take judicial notice of public documents or consider the December 5, 1991 Agreement of the parties as such documents raise significant issues regarding the interpretation of the Warranty Deed.  We disagree with both assertions.

**{¶10}** When reviewing a judgment on a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted, our standard of review is de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814 N.E.2d 44, ¶ 5. A Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548, 605 N.E.2d 378 (1992), *citing Assn. for the Defense of the Washington Local School Dist. v. Kiger,* 42 Ohio St.3d 116, 117, 537 N.E.2d 1292 (1989). In considering a motion to dismiss, a trial court may not rely on allegations or evidence outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207, 680 N.E.2d 985 (1997). Rather, the trial court may review only the complaint and may dismiss the case only if it appears beyond a doubt that the plaintiff can prove no set of facts entitling the plaintiff to recover. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

**{¶11}** In its September 12, 2022 Decision, the trial court found:

Based on the foregoing exhibits,[1] the Complaint seeks "a declaration that

the title to the remainder of the Property is vested in [the Board] alone; that

---

[1] The "foregoing exhibits" were the four exhibits attached to the Board's complaint: Exhibit A, the Agreement; Exhibit B, the Deed; Exhibit C, the RFP; and Exhibit D, an affidavit from the Perry County Commissioners, averring the College has only used approximately five (5) of the 25 acre parcel for its facilities and/or education purposes.

[the College] herein be declared to have no estate, right, title or interest in the remainder of the Property; that the deed be reformed to reflect [the Board's] sole interest in the remainder; and that [the College] be forever enjoined from asserting any estate, right, title or interest in the remainder Property."

On a Rule 12(B)((6) motion to dismiss, the court must accept all the factual allegations as true and dismiss the action only when it appears from the face of the complaint that the plaintiff can prove no set of facts entitling him to relief.

The reverter clause placed in the subject deed requires only that the College commence construction within four years of the execution of the deed and that it not make any conveyance of the property during said four-year period without the prior signed approval of the Board of Commissioners.

A simple reading of the Complaint makes it clear the College complied with these conditions.

Now, the [Board] wants the court to consider the minutes of a meeting of the Commissioners on Dec. 5, 1991, take words from an Agreement that was entered on that date and insert the words into a deed that was fully executed and recorded in September, 1993. However, the court has no authority to change a deed that is clear and unambiguous.

The deed contains no condition that the College use all of the land conveyed to hold its facilities or that any unoccupied land be returned to [the Board].

A well established principle of law holds that a court must presume that once a deed has been accepted and executed, said deed expresses the intentions of the parties at the time of the execution. Any prior agreements cannot be used to change the clear language of the deed.

The deed does not present a need for interpretation. The Complaint raises no issue of material facts. And it appears from the face of the Complaint that the [Board] can prove no set of facts that would entitle it to relief.

September 12, 2002 Decision at p. 2, unpaginated.

{¶12} Contrary to the Board's assertion, the trial court did not dismiss its complaint because it did not satisfy the requirement of Civ. R. 8(A) by setting forth "a short plain statement" of the claim. Rather, the trial court dismissed the complaint because the complaint failed to establish the Board was entitled to relief, also a requirement of Civ. R. 8(A). The trial court considered the complaint and the Deed in reaching its decision.

{¶13} "A copy of any written instrument attached to a pleading is a part of the pleading for all purposes"; therefore, the trial court may consider attached written instruments for purposes of a motion to dismiss. Civ.R. 10(C); *Keenan v. Adecco Emp. Servs., Inc.,* 3d Dist. No. 1–06–10, 2006–Ohio–3633, ¶¶ 8–9 (Citation omitted).[2] A motion

---

[2] "[T]he term 'written instrument' in Civ.R. 10(C) has primarily been interpreted to include documents that evidence the parties' rights and obligations, such as negotiable instruments, 'insurance policies, leases,

to dismiss pursuant to Civ.R. 12(B)(6) should be granted in such cases "only where the allegations in the complaint show the court to a certainty that the plaintiff can prove no set of facts upon which he might recover, or where the claim is predicated on some writing attached to the complaint pursuant to Civil Rule 10(D) and that writing presents an insuperable bar to relief." *Id.* at ¶ 9. "Dismissals under Civ.R. 12(B)(6) are proper where the language of the writing is clear and unambiguous." *Id.*

**{¶14}** Finding the Deed was clear and unambiguous, the trial court did not have the authority to consider the Agreement.

**{¶15}** "The principles of deed construction dictate that a court presumes that a deed expresses the intentions of the grantor and grantee at the time of execution. * * * A court cannot interpret the parties' intent in a manner contrary to the clear, unambiguous language of the deed." *American Energy Corp. v. Datkuliak*, 174 Ohio App.3d 398, 2007-Ohio-7199, ¶ 50, 882 N.E.2d 463. If the terms of the written instrument are clear and unambiguous, courts must give the words their plain and ordinary meaning and may not create a new contract by finding the parties intended something not set out in the contract. *Alexander v. Buckeye Pipe Line*, 53 Ohio St.2d 241, 246, 374 N.E.2d 146 (1978).

**{¶16}** When a deed is delivered and accepted without qualification pursuant to an agreement in Ohio, no cause of action upon the prior agreement generally exists thereafter. *Miller v. Cloud*, 7th Dist. No. 15 CO 0018, 2016-Ohio-5390, 76 N.E.3d 297, ¶¶ 71-72; *Fuller v. Drenberg*, 3 Ohio St.2d 109, 209 N.E.2d 417 (1965), paragraph one of the syllabus. The purchase contract merges into the deed. *Miller*, supra at ¶ 72 (Citation omitted). "The doctrine of merger provides that when a deed is delivered and accepted

---

deeds, promissory notes, and contracts.' " *State ex rel. Leneghan v. Husted*, 154 Ohio St.3d 60, 2018-Ohio-3361, 110 N.E.3d 1275, ¶ 17 (Citations and internal quotations omitted).

without qualification, the underlying purchase contract becomes merged into the deed and a cause of action no longer exists upon the contract." *Newman v. Group One*, Fourth Dist. No. 04CA18, 2005-Ohio-1582, ¶ 13.

**{¶17}** Upon review of the Deed, we find there was no condition requiring the College to use all of the Property for facilities to house governmental offices and the education activities of the College or the Property would revert to the County of Perry. The Board could have included such language in the Deed, but chose not to do so. Without a reverter clause specifying as such, the Board "can prove no set of facts upon which [it] might recover." Further, the Deed "presents an insuperable bar to relief."

**{¶18}** Based upon the foregoing, the Board's first and second assignments of error are overruled.

III

**{¶19}** In its third assignment of error, the Board argues the trial court erred in dismissing the complaint when the facts before it clearly established the College intended to use the publicly dedicated property for private gain.

**{¶20}** The Board cites to R.C. 307.10 in support of its position. R.C. 307.10, which is entitled "Procedure in sale or lease of real property; transfers of excess property to governmental units," provides, in relevant part:

> (A) * * * When a sale of real property as provided by section 307.09
> of the Revised Code is authorized, the board may either deed the property
> to the highest responsible bidder, after advertisement once a week for four
> consecutive weeks in a newspaper of general circulation in the county or as

provided in section 7.16 of the Revised Code, or offer the real property for sale at a public auction, after giving at least thirty days' notice of the auction by publication in a newspaper of general circulation in the county. * * *

(B) The board, by resolution, may transfer real property in fee simple belonging to the county and not needed for public use to the United States government, to the state or any department or agency thereof, * * * for public purposes upon the terms and in the manner that it may determine to be in the best interests of the county, without advertising for bids. The board shall execute a deed or other proper instrument when such a transfer is approved.

R.C 307.10.

{¶21} The Board explains Perry County transferred the Property to the College without following the advertising and bidding processes in R.C. 307.10(A); "[t]herefore, for the transfer to be valid Perry County *must have* transferred the property to Hocking College 'for a public purpose" pursuant to [R.C. 307.10(B)." Brief of Appellant at p. 17. The Board continues, "This is exactly what the parties intended and agreed upon. The 1991 Agreement memorializing the land transfer plainly states that Perry County would transfer the land *"without cost"* to Hocking College only *"so long as the land is used by the College for its educational purposes."* Id. (Emphasis in original). The Board contends because the Property was donated to the College pursuant to R.C. 307.10(B), not R.C. 307.10(A), the College "*must* use the donated land for a public purpose." Id. at p. 18. (Emphasis in original). The Board maintains the College's recent Request for Proposals

("RFP") for the sale of 15 acres of the Property, of which one of the criteria was "financial benefit to College," "should not be permitted." *Id.*

**{¶22}** We need not determine whether the College must use the Property solely for a public purpose as the College did not sell the 15 acres described in the RFS. Accordingly, we find the Board's third assignment of error to be premature.

IV, V

**{¶23}** In its fourth assignment of error, the Board maintains the trial court abused its discretion in eliminating Perry County's mining and access rights.  In its fifth assignment of error, the Board asserts the trial court abused its discretion in granting the College the rights to the full 25.004-acre parcel despite a recorded transfer of five (5) acres in 2021.

**{¶24}** In its September 12, 2022 Decision, the trial court declared:

"the [College] is the rightful holder of the title to the entire property; the [Board] has no estate, right, title or interest in the remainder of the property; and the Complaint should be dismissed in its entirety with prejudice pursuant to Ohio Civ. R. 12(B)(6).

*Id.* at p. 3, unpaginated.

**{¶25}** The Board submits the Deed included the reservation of certain rights in Perry County post transfer, and the trial court failed to consider or misinterpreted these exceptions and reservation clauses.  The Deed provides, in relevant part:

EXCEPTING AND RESERVING, from this conveyance to the [Board], all oil and gas and other mineral deposits of any kind whatsoever, including the right of access to remove the same from said premises and the use of so much of the surface as may be deemed necessary to exercise this right.

There is further reserved to the [Board] the right to use the surface of the premises described above for farming and agricultural purposes until such time as the [College] commences facility construction.

Warranty Deed, dated September 28, 1993, at Vol. 109, Page 817 of the Perry County Official Records.

**{¶26}** The Board further maintains the College transferred 5.286 acres of the 25.004-acre parcel back to the Board via quit claim deed on January 20, 2021. The Board attached the instrument documenting this transfer as Exhibit 1 to its appellate brief.

**{¶27}** The College counters the Board did not mention either the reservation of rights or the 5.286-acre transfer in its complaint or its memorandum in opposition to the College's motion to dismiss; therefore, such was not properly before the trial court. The College further asserts the language in the trial court's September 12, 2022 Decision is "clearly only referring to the land that is contested between the parties, as it relates to the rights of whether the *unoccupied* land reverts back to the Board." Brief of Appellee at p. 12. Nonetheless, the Board "does not contest that [the Board] owns the mineral and access rights as well as the 5 Acres – which is why this was never brought to the trial court's attention and was not specifically addressed by the Decision." *Id.* at p. 13.

**{¶28}**　However, the trial court's final judgment entered October 17, 2022, does not contain the language the Board challenges in the trial court's September 12, 2022 Decision.　While referencing its reasons from that earlier decision, the trial court's final judgment merely dismissed the Board's claims and made no further declaration as to the parties' respective rights.　As such, we find the Board's fourth and fifth assignments of error to be moot.

**{¶29}**　The judgment of the Perry County Court of Common Pleas is affirmed.


By: Hoffman, P.J.

Wise, J.　concurs

Delaney, J. dissents

*Delaney, J., dissents.*

{¶30} I respectfully dissent from the majority opinion.

{¶31} This case involves a claim for declaratory relief to reform a deed executed pursuant to an agreement between a board of county commissioners and a state entity for the transfer of public lands under R.C. 307.10(B). Because the Board alleges the Deed does not contain the approved terms of the transfer Agreement to the College, the complaint states a claim for relief for reformation and potentially a claim for quiet title.

{¶32} As a creature of statute, a board of county commissioners has only the powers expressly conferred upon the board by statute or as may be implied for the purposes of facilitating the exercise of an express power. *Geauga Cnty Bd. Of Comm'rs unn Rd. Sand & Gravel,* 67 Ohio St. 3d 579, 582, 621 N.E.2d 696 (1993). Title to all county property is vested in the board of county commissioners. *State ex rel. Bd. Of Comm'rs,* 86 Ohio St 244, 251, 99 N.E. 312 (1912). It is axiomatic that public money and public lands are held in trust for the public benefit and cannot be expended without clear authority of law. *State ex rel. Smith v. Maharry*, 97 Ohio St. 272, 119 N.E. 822 (1918).

{¶33} R.C. 307.10(B) permits a board of county commissioners to transfer real property, without competitive bidding or public auction, only in limited circumstances:

> The board, *by resolution*, may transfer real property in fee
>
> simple belonging to the county and not needed for public purpose

to the United States government, to the state or any department or agency thereof, to municipal corporations or other political subdivisions of the state, * * *, *for public purposes upon the terms and in the manner that it may determine to be in the best interests of the county,* without advertising for bids. *The board shall execute a deed or other instrument when such a transfer is approved.* (Emphasis added).

{¶34} In 1991, the county commissioners of Perry County approved the conveyance of acreage along State Route 37 to Hocking College for "educational facilities" and this approval appears in the Board's minutes of December 5, 1991. The Agreement was to be nullified if the College failed to commence construction of the educational facilities within 5 years of the date of the agreement.

{¶35} Furthermore, the Agreement expressly states:

4. Any deeds of conveyance made to the College by the Board *shall* contain reverter clauses providing that the property conveyed shall revert to the County of Perry *when and if the property is no longer used for educational purposes by the College.*

5. The Board additionally grants to the College the option to receive from Perry County additional acreage adjacent to the conveyance contemplated herein, provided the educational facilities are then constructed and operating, the exact size and location to the additional acreage to be determined by

agreement of the Board and College at the time additional acreage is requested by the College. Any additional conveyances made to the College would also *be subject to reverter to Perry County* if no longer used for educational purposes by the College. (Emphasis added)

.

{¶36} Ultimately, the Board transferred approximately 25 acres to the College in 1993 by warranty Deed. I note that the Deed was not executed by the same county commissioners who entered into the 1991 Agreement.

{¶37} As it is alleged in the complaint, the Deed does not contain the reverter clause mandated by the Agreement that the acreage must revert back to the Board if no longer used for educational purposes. Instead, the Deed only contains reverter language regarding the timely commencement of a building, which is not the outcome mandated by the Agreement. Per R.C. 307.10(C), we can infer that the Board determined the "educational purposes" reverter clauses to be in the "best interest of the county".

{¶38} The majority and the trial court conclude there is no authority to consider the 1991 Agreement, and that its terms and the Deed "present[ ] an insuperable bar to relief". I disagree. While generally the terms of a deed control over prior agreements, this case involves creatures of statute, not private parties. To find otherwise would eliminate the only authorized terms of the Agreement and be in abrogation of R.C. 307.10(C). The majority states, "[t]he Board could have included

such language in the Deed, but chose not to do so." ¶ 17. In my view, the Board was statutorily mandated to include the proper reverter clauses in the Deed as required by the Agreement. Accordingly, the Board has properly stated a claim for relief under Civ. R. 12(B)(6) to reform the Deed to comply with the statute and to potentially quiet title.

{¶39} For these reasons, I would reverse the trial court's judgment.


HON. PATRICIA A. DELANE