DREXLER, Appellant,

v.

GREATER CLEVELAND REGIONAL TRANSIT AUTHORITY, Appellee, et al.

[Cite as *Drexler v. Greater Cleveland Regional Transit Auth.* (1992), 80 Ohio App.3d 367.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 60295.

Decided June 1, 1992.

*Scott R. Mergenthaler,* for appellant.

*Russell T. Adrine* and *Juan E. Adorno,* for appellee.

FRANCIS E. SWEENEY, SR., Judge.

Plaintiff-appellant, Stephanie L. Drexler, timely appeals from the decision of the common pleas court which granted the motion for summary judgment of defendant-appellee, the Greater Cleveland Regional Transit Authority ("RTA"). For the reasons that follow, we affirm the decision of the common pleas court.

Appellant brought suit against RTA and an unknown John Doe defendant stemming from her abduction, and subsequent rape, from an RTA rapid transit station. Count One alleged that "defendant, RTA, negligently, carelessly and with reckless disregard for the safety of plaintiff, failed to provide and/or maintain adequate security" which, as a direct and proximate cause, resulted in serious physical and mental injuries to appellant. Count Two alleged the unknown John Doe defendant "intentionally, willfully and wantonly * * * beat and raped" appellant.

This action duly proceeded against defendant RTA. However, plaintiff's action against the John Doe defendant never duly commenced since service of process was never obtained pursuant to Civ.R. 3(A) and 15(C) and (D). See *Amerine v. Haughton Elevator Co.* (1989), 42 Ohio St.3d 57, 59, 537 N.E.2d 208, 209. Accordingly, the trial court's journal entry did not render final judgment as to "fewer than all the claims or parties" and the judgment was a final appealable order. Civ.R. 54(B); *Harris v. Plain Dealer Publishing Co.* (1988), 40 Ohio App.3d 127, 532 N.E.2d 192. Moreover, appellant's claim, having never duly commenced, is not now barred by the statute of limitations pursuant to R.C. 2305.111(B).

The pertinent facts relative to RTA's motion for summary judgment are as follows:

On October 8, 1988, appellant was abducted from the RTA West 117th Street rapid transit station and subsequently raped. No employees of RTA were present at the station at the time appellant was abducted. The only RTA presence consisted of random mobile police patrols.

Additionally, appellant included in her brief in opposition to RTA's motion for summary judgment a newspaper report indicating that RTA underspent its security budget by $250,000, despite a thirty-four percent increase in reported crimes occurring on RTA premises and/or property. Appellant further relies on various RTA incident reports, including six reports of suspicious males, nine harassment and disturbance reports, reports of two attempted rapes, and various other reports of criminal activity occurring at the West 117th Street rapid transit station.

RTA is a political subdivision of the state of Ohio, created pursuant to R.C. 306.31 *et seq.* RTA established its Transit Police Department to provide police protection pursuant to R.C. 306.35(Y).

Based on the above evidence, the trial court granted RTA's motion for summary judgment. Appellant timely appeals, raising the following sole assignment of error for our review:

"The trial court erred in granting defendant-appell[ee's] motion for summary judgment where:

"A. The trial court improperly applied the public duty rule to regional transit authority where no municipal ordinance or state statute imposes a duty upon regional transit authority to provide police protection.

"B. The operation of a regional transit authority, including the obligation to take precautions for the safety of its passengers, is a proprietary function as defined in O.R.C. § 2744.01.

"C. Genuine issues of material fact exist concerning regional transit authority's negligence and liability for plaintiff's injuries."

Appellant argues the trial court erred in granting RTA's motion for summary judgment where material issues of fact exist. This argument lacks merit.

### I

Appellant first contends that the public duty rule does not apply so as to bar liability against RTA because RTA is not required by ordinance or statute to provide a police force; that the case has been incorrectly characterized as a failure to provide police protection, as opposed to a premises liability case against a common carrier; and that the public policy argument in support of the public duty rule does not apply in the present case. Appellant further requests this court to re-examine the public duty rule.

Under the public duty rule, a municipality generally may not be found liable in negligence when its employees act or refuse to act so as to conform to a municipal ordinance or a state statute. *Sawicki v. Ottawa Hills*

(1988), 37 Ohio St.3d 222, 525 N.E.2d 468, paragraph one of the syllabus. When a duty which the law imposes upon a public official is a duty to the public, a failure to perform it, or an inadequate or erroneous performance, is generally a public and not an individual injury. *Id.* at paragraph two of the syllabus. In order to demonstrate a special duty or relationship, the following elements must be shown to exist:

" * * * (1) an assumption by the municipality, through promises or actions, of an affirmative duty to act on behalf of the party who was injured; (2) knowledge on the part of the municipality's agents that inaction could lead to harm; (3) some form of direct contact between the municipality's agents and the injured party; and (4) that party's justifiable reliance on the municipality's affirmative undertaking." *Id.* at paragraph four of the syllabus.

Moreover, we have previously applied the public duty rule and the special duty or relationship exception to cases involving regional transit authorities. See *Shelton v. Greater Cleveland Regional Transit Auth.* (1989), 65 Ohio App.3d 665, 584 N.E.2d 1323; see, also, *Huggins v. Patton* (May 31, 1990), Cuyahoga App. No. 58724, unreported, 1990 WL 71519. In *Shelton, supra,* the plaintiff obtained a judgment in the amount of $750,000 on her negligence claim stemming from her rape at a transit authority rapid station. This court reversed the trial court's judgment, holding that the public duty rule applied and that the special duty exception was inapplicable. *Id.,* 65 Ohio App.3d at 677, 584 N.E.2d at 1331. The court noted:

"Clearly, there is no evidence that the transit authority assumed through promises or actions an affirmative duty to protect the plaintiff in her individual capacity. There is no evidence that the plaintiff and the transit authority had any direct contact from which an expression of a security commitment could have been communicated. Further, there is no evidence that the plaintiff justifiably relied upon an affirmative promise of security by the transit authority." *Id.,* citing *Sawicki v. Ottawa Hills, supra,* at paragraph four of the syllabus.

Likewise, in the present case, there is no evidence that RTA assumed an affirmative duty to protect appellant in her individual capacity, that RTA ever had any direct contact with the appellant from which an expression of a security commitment could have been communicated, or that appellant justifiably relied upon an affirmative promise of security by RTA.

■ Appellant's argument that the public duty rule does not apply because RTA is not required by ordinance or statute to provide a police force lacks merit. RTA is authorized by R.C. 306.35(Y) to maintain security operations "necessary for the protection of persons and property under [the transit authority's] jurisdiction and control." Accordingly, RTA's duty to provide

security within its jurisdiction differs in no significant respect to the general public duty a municipality has in providing security within municipal boundaries. *Shelton, supra,* 65 Ohio App.3d at 676–677, 584 N.E.2d at 1330–1331.

■ Appellant also argues the present case has been incorrectly characterized as a failure to provide police protection, as opposed to a premises liability case against a common carrier. However, it was appellant's complaint which alleged that "defendant, RTA, negligently, carelessly and with reckless disregard for the safety of plaintiff, failed to provide and/or maintain adequate security * * *." Thus, it was appellant's complaint which characterized the present case as a failure to provide police protection. In any event, a plaintiff's complaint against a regional transit authority which attempts to impose liability based on the criminal acts of third parties could hardly be characterized as anything but a failure to provide police protection, as opposed to a premises liability case against a common carrier.

Finally, appellant argues the public policy argument in support of the public duty rule does not apply in the present case. Appellant argues the public policy considerations do not apply because RTA underspent its security budget for 1988 by $250,000. However, this court has previously held that liability cannot be predicated upon legislative and administrative allocations of scarce resources to security needs. *Shelton, supra,* at 677–678, 584 N.E.2d at 1331.

Accordingly, RTA was entitled to summary judgment based on the public duty rule and its special relationship exception.

## II

RTA's motion for summary judgment was also properly granted pursuant to R.C. Chapter 2744. Subject to division (B), R.C. 2744.02 generally provides that a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons or property allegedly caused by any act or omission of the political subdivision in connection with a governmental or proprietary function. R.C. 2744.01(G)(2)(c) includes the establishment, maintenance and operation of a transit company within the definition of a proprietary function. However, R.C. 2744.01(C)(2)(a) states that the provision or non-provision of police services or protection is a governmental function.

Appellant urges this court to hold that the obligation of a regional transit authority to take precautions for the safety of its passengers is commensurate with the maintenance and operation of a transit system and is therefore a proprietary function. Appellant then, apparently, urges this court to hold that either R.C. 2744.02(B)(2), (3) or (4), which set forth various instances where a political subdivision is liable for injury to persons, applies in the instant case.

However, we reject appellant's invitation. R.C. 2744.01(C)(2)(a) specifically provides that the provision or non-provision of police services or protection is a governmental function. Thus, R.C. 2744.02(B)(2), which applies to the performance of proprietary functions, does not apply in the present case. Moreover, we fail to see how divisions (B)(3) and (4), which generally deal with the failure to keep public roads free from nuisance ([B][3]) and negligence of employees occurring on the grounds of public buildings used in connection with the performance of a governmental function ([B][4]), preclude RTA from asserting its statutory immunity.

Accordingly, the trial court did not err in granting RTA's motion for summary judgment pursuant to R.C. Chapter 2744.

### III

Finally, in concluding that the trial court correctly granted appellee's motion for summary judgment based on the public duty rule and based on statutory immunity pursuant to R.C. Chapter 2744, we find it unnecessary to address appellant's remaining arguments concerning common-law negligence.

Accordingly, appellant's sole assignment of error is overruled.

*Judgment affirmed.*

MATIA, C.J., and NAHRA, J., concur.