ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This is an accelerated appeal. Plaintiff-appellant, Sheila Jackson-Summers ("Jackson-Summers"), appeals from the judgment of the Common Pleas Court granting summary judgment in favor of defendant-appellee, Barry H. Brooks, M.D. ("Dr. Brooks"). For the reasons that follow, we affirm.
 FACTS AND PROCEDURAL HISTORY {¶ 2} In October 2003, Jackson-Summers filed a pro se complaint alleging medical malpractice against Dr. Brooks and several other named defendants. She subsequently voluntarily dismissed the action.
 {¶ 3} Thereafter, on April 28, 2004, she refiled the action in Summit County. This time, Jackson-Summers was represented by counsel and the complaint named Dr. Brooks and ten John Doe medical providers.
 {¶ 4} Shortly after filing the complaint, Jackson-Summers' counsel petitioned the court to withdraw from the case in light of "additional facts that have come to light since the filing of the complaint." The trial court granted the motion on May 13, 2004.
 {¶ 5} In October 2004, finding venue improper in Summit County, the Summit County Common Pleas Court sua sponte transferred the case back to the Cuyahoga County Common Pleas Court. The court explained that allowing the case to proceed there would "promote an appearance of forum and/or judge shopping."
 {¶ 6} On October 25, 2004, Dr. Brooks propounded requests for admissions upon Jackson-Summers in accordance with Rule 36 of the Ohio Rules of Civil Procedure. Dr. Brooks' requests for admissions asked that Jackson-Summers admit that his care and treatment of her was reasonable and in conformance with the applicable standard of care, and that his actions did not proximately cause any injuries to her. The certificate of service attached to the request indicates that the request was sent to Jackson-Summers' home address via ordinary mail.
 {¶ 7} Jackson-Summers did not respond to Dr. Brooks' request for admissions. On January 13, 2005, long after the 30-day response period had passed, Dr. Brooks filed a motion to deem requests for admissions as admitted. Jackson-Summers did not respond to this motion either. On March 3, 2005, the trial court ruled that the requests for admissions were deemed admitted.
 {¶ 8} On March 22, 2005, attorney Carl F. Gillombardo filed a notice of appearance on behalf of Jackson-Summers.
 {¶ 9} Subsequently, on March 30, 2005, Dr. Brooks filed a motion for summary judgment. As noted by the certificate of service, a copy of the motion was forwarded via regular mail to the attention of attorney Gillombardo on the same date.
 {¶ 10} Dr. Brooks' motion for summary judgment argued that he was entitled to judgment as a matter of law because 1) Jackson-Summers had failed to present an expert in support of the allegations contained in her complaint; and 2) she had admitted that his treatment and care of her was reasonable and in compliance with the applicable standard of care.
 {¶ 11} Neither Jackson-Summers nor her attorney responded to this motion. On May 5, 2005, the trial court, without opinion, granted the motion.
 {¶ 12} Counsel for Jackson-Summers subsequently filed a motion for relief from judgment, which the trial court denied.
JURISDICTION
 {¶ 13} Before addressing the merits of Jackson-Summers' claims, we note that when jurisdiction appears uncertain, a court of appeals should raise issues of jurisdiction sua sponte. Statev. Cunningham, Cuyahoga App. No. 85342, 2005-Ohio-3840, at ¶ 5, citing In re Murray (1990), 52 Ohio St.3d 155, 159-160, at fn. 2.
 {¶ 14} Here, Jackson-Summers filed her complaint against Dr. Brooks and ten unnamed John Doe defendants. The trial court's order granting summary judgment resolved only Jackson-Summers' claims against Dr. Brooks; therefore, the jurisdictional issue relates to her claims against the John Doe defendants.
 {¶ 15} Civ.R. 15(D) and Civ.R. 3(A) guide the parties and the court on the proper procedure for dealing with unnamed parties. Civ.R. 15(D) provides, in part, that "when the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly." Further, Civ.R. 3(A) provides that "a civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon * * * a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."
 {¶ 16} The record reveals that Jackson-Summers did not ever identify the John Doe defendants nor serve them with a summons and copy of the complaint. Because Jackson-Summers made no amendment pursuant to Civ.R. 15(D) and did not serve the John Doe defendants with a summons and copy of the complaint within one year of the filing of the complaint, the action against them was never commenced within the meaning of Civ.R. 3(A). Therefore, the judgment of the trial court adjudicated all pending claims, and the order from which Jackson-Summers appeals is final and appealable pursuant to R.C. 2505.02. See, e.g., Woodham v.Elyria Memorial Hosp. (July 5, 2001), Lorain App. No. 00CA007736.[1]
SUMMARY JUDGMENT
 {¶ 17} In her single assignment of error, Jackson-Summers argues that the trial court erred in granting summary judgment against her, because it granted summary judgment on the basis of her deemed admissions, even though she never received Dr. Brooks' request for admissions. She contends that she was "justified in not responding" to the admissions because she was acting pro se and was seriously ill and Dr. Brooks never attempted personal service of his request for admissions.
 {¶ 18} First, we note that there is no legal justification for Jackson-Summers' argument that, because she was a pro se plaintiff, Dr. Brooks was under some heightened legal obligation to serve her above and beyond the requirements of Civ.R. 5, which provides that service of motions and discovery by regular mail is effective.
 {¶ 19} The argument that a pro se civil litigant should receive special consideration and is not bound by the same rules as civil litigants represented by counsel is against the weight of Ohio authority. As this court affirmed recently in State v.Zuranski, Cuyahoga App. No. 85091, 2005-Ohio-3015, "pro se litigants are bound by the same rules and procedures as those litigants who retain counsel. They are not to be accorded greater rights and must accept the results of their own mistakes and errors." Id. at ¶ 6, citing Meyers v. First Natl. Bank ofCincinnati (1981), 3 Ohio St.3d 209, 210. See, also, Dawson v.Pauline Homes, Inc. (1958), 107 Ohio App. 90. Thus, Dr. Brooks was under no greater obligation than that required by Civ.R. 5.
 {¶ 20} A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed. Potter v. Troy (1992), 78 Ohio App.3d 372,377, citing Grant v. Ivy (1980), 69 Ohio App.2d 40, paragraph one of the syllabus. The presumption may be rebutted by sufficient evidence to the contrary. Id.
 {¶ 21} The certificate of service attached to Dr. Brooks' request for admissions demonstrates that an original and copy of the request were served by regular mail to Jackson-Summers at her home address. The presumption is that she received the requests, and there is nothing in the record to indicate otherwise.
 {¶ 22} In an affidavit attached to her motion for relief from judgment, Jackson-Summers averred that "defendant's allegation that I failed to answer his request for admissions is incorrect because I never received his request." Her affidavit contained nothing to support this bare assertion, however. For example, she offered no evidence that she was away from her home for any significant period or had changed addresses, or any other reason for why she did not receive this filing. Moreover, we find it curious that Jackson-Summers never averred that she did not receive a copy of Dr. Brooks' motion to deem requests for admissions admitted, which was mailed to her on January 13, 2005, and that she retained counsel shortly after the trial court issued notice to her, at her home address, of its order granting this motion.
 {¶ 23} Furthermore, although Jackson-Summers contends that she was justified in not responding to Dr. Brooks' request for admissions because "if it were sent to her, she was too ill to respond," we find no evidence in the record to support this argument. Although Jackson-Summers' affidavit attached to her motion for relief from judgment averred that she suffers "intense pain" as a result of Dr. Brooks' allegedly negligent treatment, her affidavit contained nothing to suggest that as a result of this pain, she was too ill to respond to the request for admissions.
 {¶ 24} Finally, contrary to Jackson-Summers' argument, it is not apparent that the trial court granted summary judgment in favor of Dr. Brooks solely in light of the deemed admissions. The trial court order granting summary judgment states only that the motion "is unopposed and granted."
 {¶ 25} It is well settled in Ohio that in order to prevail on a medical negligence claim, a plaintiff must demonstrate through expert testimony, by a preponderance of evidence, that the treatment provided by the health care professional failed to meet the prevailing standard of care and that this failure proximately caused the injury. Bruni v. Tatsumi (1976), 46 Ohio St.2d 127; see, also, Ramage v. Central Ohio Emergency Serv., Inc. (1992),64 Ohio St.3d 97.
 {¶ 26} It is apparent that Jackson-Summers' complaint sounds in medical negligence, because it alleges that the medical care and treatment rendered to her by Dr. Brooks proximately resulted in injury. Accordingly, she was required to produce expert testimony establishing the applicable standard of care and that the care fell below said standard.
 {¶ 27} Civ.R. 56(C) provides that summary judgment is appropriate when: 1) there is no genuine issue of material fact, 2) the moving party is entitled to judgment as a matter of law, and 3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. Zivich v.Mentor Soccer Club, Inc. (1998), 82 Ohio St.3d 367, 369-370;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C). Grafton v. OhioEdison Co. (1996), 77 Ohio St.3d 102, 105.
 {¶ 28} It is undisputed that Jackson-Summers failed to identify any expert identifying the standard of care and criticizing the care provided by Dr. Brooks. Without such testimony, she failed to establish a prima facie claim of medical malpractice and, accordingly, the trial court properly granted summary judgment in favor of Dr. Brooks.
 {¶ 29} Jackson-Summers also argues that the trial court erred in granting summary judgment against her because her lawyer was not served with Dr. Brooks' motion for summary judgment.
 {¶ 30} In his affidavit attached to the motion for relief from judgment, counsel averred that he had not received Dr. Brooks' motion for summary judgment. As with Jackson-Summers' affidavit, there is nothing in counsel's affidavit to support this bare assertion. The certificate of service regarding the motion for summary judgment indicates that the motion was served by regular mail on counsel at the address he had listed in his notice of appearance filed with the court only eight days prior. Counsel provided no reason whatsoever regarding why he did not receive the motion for summary judgment. Moreover, we find it curious that he received notice of the trial court's order granting Dr. Brooks' motion for summary judgment, which was mailed to the same address as the motion for summary judgment.
 {¶ 31} Counsel argues that he reviewed the electronic docket when he entered his notice of appearance and, because "entries were made on dates that do not correspond to the actual dates of orders or events," there was no "constructive notice" to him at that time that a motion for summary judgment had been filed. Dr. Brooks' motion for summary judgment was filed after counsel entered his notice of appearance, however, and therefore notice of its filing would not have been on the docket as of that date. The certificate of service on the motion for summary judgment indicates that counsel received actual notice of the motion when it was mailed to him pursuant to Civ.R. 5.
 {¶ 32} The record reflects that service of Dr. Brooks' request for admissions, motion to deem requests for admissions as admitted, and motion for summary judgment was made on Jackson-Summers and/or her counsel by ordinary mail. Neither Jackson-Summers nor her counsel adequately rebutted the presumption of proper service.
 {¶ 33} Because 1) Dr. Brooks' motion for summary judgment was unopposed, 2) Jackson-Summers failed to produce an expert establishing the standard of care and demonstrating that Dr. Brooks' treatment fell below this standard, and 3) she admitted that Dr. Brooks' care was appropriate, the trial court properly granted summary judgment against Jackson-Summers.
 {¶ 34} Appellant's assignment of error is overruled. Affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, P.J., and Kilbane, J., concur.
[1] Our holding would be different if the one-year time for obtaining service on the John Doe defendants had not yet passed. See, e.g., Colelli Assoc., Inc. v. The Cincinnati Ins. Co.,
Tuscarawas App. No. 2002 AP 03 0015, 2002-Ohio-4840, at ¶¶ 11-15.