JOURNAL ENTRY AND OPINION
{¶ 1} We lack jurisdiction to review the common pleas court order that is the subject of this accelerated appeal. Therefore, the appeal is dismissed.
 {¶ 2} The complaint in this case was filed April 18, 2005. It asserts that plaintiff-appellant, James Mosley, fell and injured his ankle when he stepped in a "large deep hole" in an asphalt area that abutted a concrete pad upon which gasoline pumps were mounted. He contended that the defendant — owner of these premises, 131 Foods, Inc., negligently designed, constructed, maintained and/or operated the area, and that various John Doe individuals and corporations, acting as agents, servants, employees and/or contractors of 131 Foods, also negligently designed, constructed, maintained and/or operated the premises. 131 Foods answered the complaint. None of the John Doe defendants were ever named in or served with an amended complaint, nor did Mosley ever indicate that he was abandoning those claims.
 {¶ 3} 131 Foods filed a motion for summary judgment on September 29, 2005, to which Mosley responded on November 2, 2005. The court granted summary judgment to 131 Foods in an order entered December 29, 2005.
 {¶ 4} Pursuant to Civ.R. 3(A), an action is commenced by filing a complaint, "if service is obtained within one year from such filing upon a named defendant, * * * or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)." When a "John Doe" defendant is not named and served within one year, the action against that defendant was never duly commenced. A judgment entered after the one year period is not a judgment as to "fewer than all the claims or parties" just because it does not include the John Doe parties, so it may be considered final. See Civ.R. 54(B);Drexler v. Greater Cleveland Regional Transit Auth. (1992),80 Ohio App.3d 367, 369; Blanton v. Alley, Pike App. No. 02CA685, 2003-Ohio-2594, ¶ 29; Hull v. Lopez, Scioto App. No. 01CA2793, 2002 Ohio-6162, ¶ 32; Dillard v. Nationwide Beauty School (Dec. 11, 1990), Franklin App. No. 90AP-273.
 {¶ 5} Concomitantly, however, when the one year period for service has not expired, and the plaintiff has not expressly abandoned the claims against the John Doe defendant, cf. Harrisv. Plain Dealer Pub. Co. (1988), 40 Ohio App.3d 127, 129, a judgment in favor of other defendants which does not include the no just reason for delay language of Civ.R. 54(B) is not final and appealable. Colelli Assoc., Inc. v. Cincinnati Ins. Co.,
Tuscarawas App. No. 2002 AP 03 0015, 2002-Ohio-4840; cf.Jackson-Summers v. Brooks, Cuyahoga App. No. 86522,2006-Ohio-1357, n. 1. Here, the one year period for service on the John Doe defendants had not expired before the court entered judgment. The entry granting judgment for 131 Foods did not include Civ.R. 54(B) language. Therefore, it is not an appealable order.
Dismissed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, A.J., and Celebrezze, Jr., J., concur.