JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs-appellants, Delores and Richard Kohout (the "Kohouts"), appeal the trial court's decision granting summary judgment in favor of defendant-appellee, St. Rocco Parish ("St. Rocco") and denying their motion for leave to amend the complaint. Because the trial court's order is not final and appealable, we dismiss this case for lack of jurisdiction.
 {¶ 2} While attending a festival at St. Rocco's in September 2004, a 30-40 pound light fixture fell on Delores Kohout's ("Kohout") head. Following the incident, the Kohouts filed the underlying action on December 15, 2005, naming St. Rocco as a defendant and six John Doe defendants. Kohout alleged a single claim of negligence against St. Rocco, and her husband asserted a loss of consortium claim. *Page 3 
As for the John Doe defendants, the Kohouts alleged the following: (1) John Doe #1, Installation Company, "negligently failed to properly install the light fixture"; (2) John Doe #2, Security Company, "negligently failed to properly supervise the St. Rocco Festival, and negligently permitted patrons to jolt the subject industrial light fixture support"; and (3) John Doe Defendants # 3, #4, #5, and #6 "recklessly, willfully, wantonly, negligently, or improperly jolted the subject industrial light fixture, thereby causing the industrial light fixture to fall on Mrs. Kohout."
 {¶ 3} St. Rocco subsequently moved for summary judgment. Prior to filing their brief in opposition, the Kohouts moved to amend the complaint to individually name two security officers and to assert an additional claim against St. Rocco. On October 12, 2006, approximately two months before the one-year requirement for identifying and serving the John Doe defendants expired, the trial court granted St. Rocco's motion for summary judgment and denied the Kohouts' motion for leave to amend the complaint. From these orders, the Kohouts appeal.
 Jurisdiction {¶ 4} Although none of the parties raise the issue of jurisdiction, we will address the issue when jurisdiction appears uncertain. See, e.g.,Jackson-Summers v. Brooks, 8th Dist. No. 86522, 2006-Ohio-1357, at ¶ 13; State v. Cunningham, 8th Dist. No. 85342, 2005-Ohio-3840, at ¶ 5, citing In re Murray (1990), 52 Ohio St.3d 155, 159-160; Mosley v.131 Foods, Inc., 8th Dist. No. 87696, 2006-Ohio-5719. *Page 4 
 {¶ 5} In Mosley, supra, this court recently confronted the same jurisdictional issue in this case: Is a trial court's order granting summary judgment a final appealable order when the plaintiff's time for identifying and serving John Doe defendants has not expired? Absent the Civ.R. 54(B) language that there is no just reason for delay, this court held that the grant of summary judgment is not a final appealable order.Mosley, supra, at ¶ 5.
 {¶ 6} In dealing with unnamed parties, the court must consider Civ.R. 15(D) in conjunction with Civ.R. 3 (A). Jackson-Summers, supra, at ¶ 15. Civ.R. 15(D) provides, in part, that "when the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly." Further, under Civ.R. 3(A), an action is commenced by filing a complaint, "if service is obtained within one year from such filing upon a named defendant, * * * or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."
 {¶ 7} Applying these rules, this court recognizes that when the one-year period for naming and serving the John Doe defendant has expired, a judgment rendered as to other defendants may be considered final and appealable because the action never commenced against the John Doe defendants. See, e.g., Jackson-Summers, supra, at ¶ 16;Mosley, supra, at ¶ 4, citing Civ.R. 54(B); Drexler v. Greater ClevelandRegional Transit Auth. (1992), 80 Ohio App.3d 367, 369 ("A judgment *Page 5 
entered after the one year period is not a judgment as to `fewer than all the claims or parties' just because it does not include the John Doe parties, so it may be considered final."). But when the one-year time for obtaining service on the John Doe defendant has not yet passed, and the plaintiff has not expressly abandoned the claims against the John Doe defendant, a judgment in favor of other defendants which does not include the no just reason for delay language is not final and appealable. Mosley, supra, at ¶ 5, citing Colelli Assoc, Inc. v.Cincinnati Ins. Co., 5th Dist. No. 2002 AP 03 0015, 2002-Ohio-4840.
 {¶ 8} Here, the one-year period for service on the John Doe defendants had not expired before the court entered judgment for St. Rocco. The order granting St. Rocco's motion for summary judgment did not include the Civ.R. 54(B) language. Additionally, there is no evidence in the record that the Kohouts intended to abandon their claims against the John Doe defendants. The court's order, therefore, is not final and appealable.
 {¶ 9} Accordingly, this appeal is dismissed.
It is ordered that appellee recover from appellants costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 6 
MARY JANE BOYLE, JUDGE
CHRISTINE T. MCMONAGLE, J., CONCURS;
 SEAN C. GALLAGHER, P.J., CONCURS IN JUDGMENT ONLY *Page 1