JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, Gina Militiev, appeals the March 31, 2008 trial court judgment. In that judgment, among other things, the court granted the motion for summary judgment of defendants-appellees, Dennis McGee and Judith Patti. For the reasons that follow, we dismiss this appeal.
 {¶ 2} Militiev initiated this action in August 2007 against McGee, Patti, Statewide Home Mortgage, Inc., JP Morgan Chase Bank, N.A., John Doe, John Doe Corporation, and John Doe Title Company. The complaint sets forth 11 claims for relief: count one, negligent misrepresentation; count two, fraud in the inducement; count three, fraud; count four, negligence; count five, breach of contract; count six, anticipatory repudiation; count seven, constructive mortgage; count eight, breach of duty of good faith; count nine, promissory estoppel/detrimental reliance; count ten, illusory contract; and count 11, insufficient/inadequate escrow deposit. McGee and Patti answered and counterclaimed, asserting claims for frivolous conduct and breach of contract.
 {¶ 3} Militiev voluntarily dismissed Statewide Home Mortgage and J.P. Morgan Chase Bank on October 29, 2007 and December 28, 2007, respectively. In November 2007, Militiev sought to join a new party defendant (Cirsta Militiev) and Cirsta Militiev also sought to intervene. The court allowed Cirsta Militiev to be added as a new party defendant; he was dismissed from the action on February 27, 2008. *Page 4 
 {¶ 4} In January 2008, McGee and Patti filed a motion for summary judgment. In their motion, McGee and Patti contended that they were entitled to judgment as a matter of law on the following claims asserted by Militiev: 1) breach of contract, 2) fraud, 3) fraud in the inducement, and 4) negligent misrepresentation. Militiev opposed the summary judgment, and argued that a genuine issue of material fact remained to be litigated on the four claims addressed in the summary judgment motion. Notably, she further argued that the summary judgment motion was effectively a partial motion, and that "any causes not addressed by Defendants' Motion necessarily survive."
 {¶ 5} In its March 31, 2008 judgment, the trial court stated that "Plaintiffs claims fail as a matter of law [and] are hereby dismissed with prejudice," and the judgment was "final." The court found that the underlying agreement violated the statute of frauds and, thus, was invalid. The court also held that parol evidence could not be used "to supplement the otherwise deficient purchase agreement." Further, the court dismissed McGee's and Patti's counterclaims without prejudice. Militiev raises ten assignments of error for our review.
 {¶ 6} Although the parties do not raise the issue of jurisdiction, we address the issue when jurisdiction appears uncertain. See Kohout v.Church of St. Rocco Corp., Cuyahoga App. No. 88969, 2008-Ohio-1819;Mosley v. 131 Foods, Inc. Cuyahoga App. No. 87696, 2006-Ohio-5719. InMosley, this court considered *Page 5 
whether a trial court's order granting summary judgment is a final appealable order when the plaintiffs time for identifying and serving John Doe defendants has not expired. This court concluded that absent the Civ. R. 54(B) language that there is no just cause for delay, the grant of summary judgment under such circumstances is not a final appealable order. Id. at ¶ 5.
 {¶ 7} In dealing with unnamed parties, the court must consider Civ. R. 15(D) in conjunction with Civ. R. 3(A). Kohout, supra at ¶ 6;Jackson-Summers v. Brooks, Cuyahoga App. No. 86522, 2006-Ohio-1357, ¶ 15. Civ. R. 15(D) provides, in part, that "when the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly."
 {¶ 8} Further, under Civ. R. 3(A), an action is commenced by filing a complaint, "if service is obtained within one year from such filing upon a named defendant, * * * or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ. R. 15(D)."
 {¶ 9} Applying these rules, this court recognizes that when the one-year period for naming and serving a John Doe defendant has expired, a judgment rendered as to other defendants may be considered final and appealable because the action never commenced against the John Doe defendants. See, e.g., Kohout, supra at ¶ 8; Jackson-Summers, supra at ¶ 16; Mosley, supra at ¶ 4, citing *Page 6 
Civ. R. 54(B); Drexler v. Greater Cleveland Regional Transit Auth. (1992), 80 Ohio App.3d 367, 369, 609 N.E.2d 231 ("A judgment entered after the one year period is not a judgment as to `fewer than all the claims or parties' just because it does not include the John Doe parties, so it may be considered final.") But when the one-year time for obtaining service on the John Doe defendant has not yet passed, and the plaintiff has not expressly abandoned the claims against the John Doe defendant, a judgment in favor of other defendants which does not include the no just reason for delay language is not final and appealable. Mosley, supra, at ¶ 5, citing Colelli Assoc. v. Cincinnati Ins. Co., 5th Dist. No. 2002 AP 03 0015, 2002-Ohio-4840.
 {¶ 10} Here, Militiev filed her case in August 2007, and the court granted McGee's and Patti's partial summary judgment motion in March 2008. Hence, the one-year period for service on the John Doe defendants had not expired before the court entered judgment for McGee and Patti. The order granting their motion for summary judgment did not include the Civ. R. 54(B) language. Additionally, there is no evidence in the record that Militiev intended to abandon her claims against the John Doe defendants. Upon that issue alone, the court's order is not final and appealable.
 {¶ 11} Moreover, the court did not resolve all of Militiev's claims. The only one of Militiev's claims addressed by the trial court was breach of contract, despite McGee's and Patti's request for summary judgment on her fraud, fraud *Page 7 
in the inducement, and negligent misrepresentation claims. In addition to the lack of resolution of those claims, the other claims upon which appellees did not seek summary judgment remain pending. Finally, we find no authority for the court's sua sponte dismissal of McGee's and Patti's counterclaims.
Appeal dismissed; case remanded for further proceedings consistent with this opinion.
It is ordered that appellant and appellees equally share the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ANN DYKE, J., and MARY J. BOYLE, J., CONCUR *Page 1