[Cite as *Daniels v. Schottenstein Stores Corp.*, 2011-Ohio-4959.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96447**

## KENNETH DANIELS

PLAINTIFF-APPELLEE

vs.

## SCHOTTENSTEIN STORES CORPORATION, ET AL.

DEFENDANTS-APPELLANTS

### JUDGMENT:
### DISMISSED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-660815 and CV-683562

**BEFORE:** Stewart, P.J., Celebrezze, J., and Sweeney, J.

**RELEASED AND JOURNALIZED:** September 29, 2011

**ATTORNEYS FOR APPELLANT**

Corey V. Crognale
Meghan Dargay Majernik
Schottenstein Zox & Dunn Co., L.P.A.
250 West Street
Columbus, OH    43215


**ATTORNEY FOR APPELLEE**

George Mineff, Jr.
1630 Standard Building
1370 Ontario Street
Cleveland, OH    44113


**ATTORNEYS    FOR    ADMINISTRATOR,    BUREAU    OF    WORKERS'
COMPENSATION**

Michael DeWine
Ohio Attorney General

BY:    Nancy Q. Walker
Assistant Attorney General
State Office Building, 12th Floor
615 W. Superior Avenue
Cleveland, OH 44113-1899

MELODY J. STEWART, P.J.:

**{¶ 1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1,[1] the records from the Cuyahoga County Court of Common Pleas, and the briefs submitted by counsel.

**{¶ 2}** Defendant-appellant, Schottenstein Stores Corporation ("Schottenstein"), appeals from the trial court's denial of its motion for judgment alleging that plaintiff-appellee, Kenneth C. Daniels ("Daniels"), failed to timely prosecute his workers' compensation claim in the lower court. Schottenstein alleges that Daniels was ineffective in refiling his voluntarily dismissed complaint within the one-year period required by statute and also complains that it is subject to continuing responsibility for Daniels' medical expenses and compensation since a judgment denying Daniels' right to participate in the workers' compensation fund has not been entered. Schottenstein asserts that even though Daniels presently has no valid complaint pending, the trial court nevertheless refuses to grant it relief by entering judgment.

**{¶ 3}** The history of this case is complex and bears noting for purposes of analysis. Daniels, while employed by Schottenstein, was granted workers' compensation benefits after suffering a right knee injury in December 1995. Thereafter, in December 2007, Daniels moved Ohio's Industrial Commission to amend his claim to additionally

---

[1]App.R. 11.1(E) states: "Determination and judgment on appeal. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form." See, also, Form 3, Appendix of Forms to the Rules of Appellate Procedure.

allow for the medical condition of "recurrent deep venous thrombosis." This supplemental claim was denied, and on May 30, 2008, Daniels appealed to the Cuyahoga County Court of Common Pleas in Case No. CV-660815. Schottenstein subsequently filed an answer in opposition to the appeal.

{¶ 4} On February 2, 2009, Daniels successfully filed a second supplementary claim with the industrial commission for the condition of "major depression, single episode." Schottenstein appealed this decision in Case No. CV-683562 and Daniels, in response, filed an opposing complaint pursuant to R.C. 4123.512(D).

{¶ 5} On March 24, 2009, the common pleas court granted the parties' joint motion to consolidate the above-noted cases. Then, on November 25, 2009, Daniels filed a notice of voluntary dismissal without prejudice of his appeal, and the court journalized the same on December 31, 2009.

{¶ 6} Daniels then allegedly filed a third motion with the industrial commission to amend his original claim for the allowance of "right knee osteoarthritis." The disposition of this motion to amend is not completely clear since the pertinent records of the industrial commission have not been included as part of the record in this accelerated appeal. Nevertheless, this court takes judicial notice of Case No. CV-730712 reflecting that Daniels filed a notice of appeal in Cuyahoga County Common Pleas Court on July 1, 2010. Schottenstein answered this filing on July 29, 2010, and on September 20, 2010, the parties participated in a case management conference via telephone.

{¶ 7}  On November 16, 2010, Daniels filed a second appeal and complaint in Case No. CV-741475, also allegedly from the industrial commission's order denying allowance of his claim of "right knee osteoarthritis."[2]  Schottenstein answered by filing a motion to dismiss and argued that the lower court lacked jurisdiction due to Daniels's untimely filing.  Disposition of this motion to dismiss is also pending.  Thereafter, on February 23, 2011, this matter (Case No. CV-741475) was reassigned to the docket from where the initial appeal was taken (Case No. CV-660815) with a case management conference set for February 29, 2011.

{¶ 8}  On December 27, 2010, Schottenstein filed a motion for judgment in Case No. CV-660815 requesting denial of Daniels's right to workers' compensation benefits for the conditions of  "recurrent deep venous thrombosis" and "major depression, single episode," alleging that Daniels did not timely refile his voluntarily dismissed complaint within one year as mandated by R.C. 2305.19, Ohio's savings statute.  Schottenstein appeals from the trial court's denial of this motion.

{¶ 9}  Daniels contends that the record is devoid of evidence demonstrating that he has not refiled the action in a timely fashion.  Furthermore, he asserts that the validity and timeliness of his filings subsequent to the voluntary dismissal are issues that are properly pending for disposition before the trial court.

{¶ 10} Judicial efficiency is facilitated by the consolidation of claims that share common questions of law or fact, and therefore "[o]nce consolidated, all of the claims

---

[2] It is unclear why two appeals were filed from what seems to be the same order.

and all of the parties in each case must be disposed of before a judgment is final, absent a finding of 'no just reason for delay' pursuant to Civ.R. 54(B)," *Bender v. Diemert* (Mar. 21, 1991), 8th Dist. Nos. 58304 and 58368. A final order is defined as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). An order affects a substantial right if a party is foreclosed from appropriate relief in the future if an appeal were not allowed without delay. *Bell v. Mt. Sinai Med. Ctr.* (1993) 67 Ohio St.3d 60, 63, 616 N.E.2d 181. "When more than one claim for relief is presented in an action *** the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54(B). The requirements of both R.C. 2505.02 and Civ.R. 54(B) must be satisfied in order for an entry to constitute a final, appealable order when multiple claims and/or multiple parties are involved.

{¶ 11} Here, the trial court's previous journal entry of Daniels's notice of voluntary dismissal could only dispose of Daniels's amended claim for recurrent deep venous thrombosis; Daniels is unable to voluntarily dismiss Schottenstein's appeal with regard to the industrial commission's allowance for major depression and, as a result, it remains pending below.

{¶ 12} Schottenstein's appeal is premature since it is not prevented from obtaining judgment on any claim or claims as a result of the denial of its motion for judgment.

**{¶ 13}** For the reasons stated above, the trial court's decision is not a final, appealable order.  This court is, therefore, without jurisdiction.  Accordingly, this appeal is dismissed for lack of a final, appealable order.

It is ordered that appellee recover of appellants his costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MELODY J. STEWART, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
JAMES J. SWEENEY, J., CONCUR