[Cite as *Reid v. Johira*, 2011-Ohio-5400.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No.   96713

---

# DR. TOBIAS R. REID, PH.D.

PLAINTIFF-APPELLANT

vs.

# HISAMI JOHIRA, AGENT, ET AL.

DEFENDANTS-APPELLEES

---

### JUDGMENT:
### DISMISSED

---

Civil Appeal from the
Cuyahoga County Common Pleas Court
Case No.   CV-738290

**BEFORE:**   E. Gallagher, J., Blackmon, P.J., and Cooney, J.

RELEASED AND JOURNALIZED:     October 20, 2011

FOR APPELLANT

Tobias R. Reid, Ph.D., pro se
1586 Larchmont Drive
Cleveland, Ohio    44110

ATTORNEYS FOR APPELLEES,

FOR HISAMI JOHIRA, AGENT

Thomas S. Mazanec
Mary Beth Klemencic
John T. McLandrich
Frank H. Scialdone
Mazanec, Raskin & Ryder Co., L.P.A.
100 Franklin's Row
34305 Solon Road
Cleveland, Ohio    44139

FOR FOUNDERS INSURANCE COMPANY

Josh L. Schoenberger
Williams & Petro, L.L.C.
338 S. High Street, 2nd Floor
Columbus, Ohio    43215

FOR CITY OF CLEVELAND TRAFFIC ENGINEERING

Barbara A. Langhenry
Interim Director of Law
Mark R. Musson
Assistant Director of Law
City of Cleveland
601 Lakeside Ave., Room 106
Cleveland, Ohio    44114-1077

FOR CUYAHOGA COUNTY ENGINEER

William D. Mason
Cuyahoga County Prosecutor
By:   John F. Manley
Assistant County Prosecutor

9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio    44113

**FOR UNIVERSAL CASUALTY INSURANCE**

Jan L. Roller
Davis & Young
1200 Fifth Third Center
600 Superior Avenue, E.
Cleveland, Ohio    44114

EILEEN A. GALLAGHER, J.:

{¶ 1}  We lack jurisdiction to review the common pleas court orders that are the subject of this appeal.   Therefore, the appeal is dismissed.

{¶ 2}  Appellant filed a complaint in the Cuyahoga County Court of Common Pleas on October 5, 2010, naming as defendants Hisami Johira, Universal Casualty Insurance, the Ohio Department of Transportation, City of Cleveland Traffic Engineering, and the Cuyahoga County Engineer.   The complaint sought damages stemming from appellant's involvement in three separate motor vehicle accidents.

{¶ 3}  Defendant "City of Cleveland Traffic Engineering" filed a motion to dismiss on November 17, 2010.   The motion was unopposed by appellant and granted on December 3, 2010.    On December 1, 2010, appellant filed a motion for leave to file an amended complaint.   Although the docket does not reflect that the trial court ruled on that specific motion, on December 6,

2010, appellant filed an amended complaint naming for the first time Public Safety Director, Martin L. Flask, as a representative of City of Cleveland Traffic Engineering ("Flask").

{¶ 4} On December 16, 2010, the trial court conducted a case management conference wherein the court ordered appellant to properly serve the amended complaint in accordance with the civil rules. The court further ordered the defendants to respond to the complaint by January 7, 2011.

{¶ 5} The record does not show that service was ever obtained on Flask.

{¶ 6} On January 10, 2011, appellant filed a motion for summary judgment and default judgment against Flask. Through a special appearance by counsel, Flask opposed appellant's motion, arguing that the court lacked in personam jurisdiction and that he was not a party to the action. The trial court denied appellant's motion on January 24, 2011. The docket does not reveal any further action involving defendant Flask. Appellant presently appeals from the trial court's denial of his motion for summary judgment and default against Flask as well as the trial court's granting of motions to dismiss and motions for summary judgment in favor of the remaining parties.

{¶ 7} Although the issue of jurisdiction was not raised in the briefs of

the parties, we address the issue when jurisdiction appears uncertain. *Militiev v. McGee*, Cuyahoga App. No. 91356, 2009-Ohio-142, at ¶6, citing *Kohout v. Church of St. Rocco Corp.*, Cuyahoga App. No. 88969, 2008-Ohio-1819.

{¶ 8} A final order is defined as "an order that affects a substantial right in an action that in effect determines the action and prevents a judgment." R.C. 2505.02(B)(1). An order affects a substantial right if a party is foreclosed from appropriate relief in the future if an appeal were not allowed without delay. *Bell v. Mt. Sinai Med. Ctr.* (1993), 67 Ohio St.3d 60, 63, 616 N.E.2d 181. "When more than one claim for relief is presented in an action * * * the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Civ.R. 54(B). "The requirements of both R.C. 2505.02 and Civ.R. 54(B) must be satisfied in order for an entry to constitute a final, appealable order when multiple claims and/or multiple parties are involved." *Daniels v. Schottenstein Stores Corp.*, Cuyahoga App. No. 96447, 2011-Ohio-4959, at ¶10.

{¶ 9} The case sub judice involves multiple parties and Civ.R. 54(B) applies as none of the orders from which appellant presently appeals contain Civ.R. 54(B) "no just reason for delay" language. Although appellant failed to obtain service of process upon Flask before the court ruled upon the

motions from which appellant now appeals, we note that the one-year time for obtaining service of process upon Flask has not yet expired. See Civ.R. 3(A). The trial court has not, sua sponte, dismissed appellant's claims against Flask pursuant to Civ.R. 4(E). Under the present circumstances, we conclude that a final, appealable order has not been presented. See *Redmond v. Big Sandy Furniture, Inc.*, Lawrence App. Nos. 06CA15 and 06CA19, 2007-Ohio-1024, at ¶17; *Mosley v. 131 Foods, Inc.*, Cuyahoga App. No. 87696, 2006-Ohio-5719 (holding that where the one-year period for service upon a John Doe defendant had not expired, and the plaintiff has not expressly abandoned his claims against that defendant, a judgment in favor of other defendants that did not include the no just reason for delay language of Civ.R. 54(B) was not final and appealable).

{¶ 10} For the reasons stated above, the trial court's decision is not a final, appealable order. This court is, therefore, without jurisdiction. Accordingly, this appeal is dismissed for lack of a final, appealable order.

It is ordered that appellees recover from appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN A. GALLAGHER, JUDGE

PATRICIA ANN BLACKMON, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR