PER CURIAM:
{¶ 1} This matter is before the court for resolution of our October 31, 2018 show cause order. It appeared to this court that the order on appeal, the "Decision, Order and Entry Granting Defendants Dayton City School District Board of Education and Jane and John Doe Employees' Motion for Judgment on the Pleadings" might not be a final appealable order. Specifically, it appeared that the claims against defendant XYZ Corporation (which appears to be a placeholder name for an unknown party, see Civ.R. 15(D) ) have not been resolved. See Militiev v. McGee, 8th Dist. Cuyahoga No. 91356, 2009-Ohio-142, 2009 WL 97703, ¶¶ 5-10 (holding that unresolved claims against unnamed parties would require Civ.R. 54(B) certification for resolved claims to be final, under certain circumstances); but see Zivich v. Mentor Soccer Club, Inc., 11th Dist. Lake No. 95-L-184, 1997 WL 203646, *2 (April 18, 1997), aff'd on other grounds , 82 Ohio St.3d 367, 696 N.E.2d 201 (1998) (holding Civ.R. 54(B) not required). Here, although the Decision is marked as a Final Appealable Order, it does not contain the mandatory language of a Civ.R. 54(B) certification. See Noble v. Colwell , 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989) (" Rule 54(B) makes mandatory the use of the language, 'there is no just reason for delay.' Unless *504 those words appear where multiple claims and/or multiple parties exist, the order is subject to modification and it cannot be either final or appealable").
{¶ 2} We ordered appellants to show cause why this appeal should not be dismissed for lack of jurisdiction. They did not file a response. Appellees also did not file a response. We now conclude that the appeal must be dismissed.
{¶ 3} It is axiomatic that an appellate court has jurisdiction to review only final orders or judgments of the lower courts in its district. Section 3(B)(2), Article IV, Ohio Constitution ; R.C. 2505.02. We have no jurisdiction to review an order or judgment that is not final, and an appeal therefrom must be dismissed. Gen. Acc. Ins. Co. v. Ins. Co. of N. Am. , 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).
{¶ 4} This appears to be an issue of first impression in this district. "Ohio appellate courts are split as to whether an order granting summary judgment to named defendants that does not contain 'no just reason for delay' language is a final appealable order when service has not yet been perfected in accordance with Civ.R. 3(A) and Civ.R. 15(D) on 'John Doe' defendants." Colelli & Assoc., Inc. v. Cincinnati Ins. Co. , 5th Dist. Tuscarawas No. 2002AP030015, 2002-Ohio-4840, 2002 WL 31057377, ¶ 15 (internal citation and quotation omitted). One line of cases generally holds that time is the determinative factor. For example, the Eighth District says:
Although the parties do not raise the issue of jurisdiction, we address the issue when jurisdiction appears uncertain. See Kohout v. Church of St. Rocco Corp. , Cuyahoga App. No. 88969, 2008-Ohio-1819 [2008 WL 1747217] ; Mosley v. 131 Foods, Inc., Cuyahoga App. No. 87696, 2006-Ohio-5719 [2006 WL 3095688]. In Mosley , this court considered whether a trial court's order granting summary judgment is a final appealable order when the plaintiff's time for identifying and serving John Doe defendants has not expired. This court concluded that absent the Civ.R. 54(B) language that there is no just cause for delay, the grant of summary judgment under such circumstances is not a final appealable order. Id. at ¶5.
In dealing with unnamed parties, the court must consider Civ.R. 15(D) in conjunction with Civ.R. 3(A). Kohout, supra at ¶ 6 ; Jackson-Summers v. Brooks , Cuyahoga App. No. 86522, 2006-Ohio-1357 [2006 WL 728738], ¶ 15. Civ.R. 15(D) provides, in part, that "when the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly."
Further, under Civ.R. 3(A), an action is commenced by filing a complaint, "if service is obtained within one year from such filing upon a named defendant, * * * or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."
Applying these rules, this court recognizes that when the one-year period for naming and serving a John Doe defendant has expired, a judgment rendered as to other defendants may be considered final and appealable because the action never commenced against the John Doe defendants. See, e.g., Kohout, supra at ¶ 8 ; Jackson-Summers, supra at ¶ 16 ; Mosley, supra at ¶ 4, citing Civ.R. 54(B) ; Drexler v. Greater Cleveland Regional Transit Auth. (1992), 80 Ohio App.3d 367, 369, 609 N.E.2d 231 ("A judgment entered after the one year period is not a judgment as to 'fewer than all the claims or parties' just because it does not include the John Doe *505 parties, so it may be considered final.") But when the one-year time for obtaining service on the John Doe defendant has not yet passed, and the plaintiff has not expressly abandoned the claims against the John Doe defendant, a judgment in favor of other defendants which does not include the no just reason for delay language is not final and appealable. Mosley, supra , at ¶ 5, citing Colelli & Assoc. v. Cincinnati Ins. Co. , 5th Dist. No. 2002 AP 03 0015, 2002-Ohio-4840 [2002 WL 31057377].
Here, Militiev filed her case in August 2007, and the court granted McGee's and Patti's partial summary judgment motion in March 2008. Hence, the one-year period for service on the John Doe defendants had not expired before the court entered judgment for McGee and Patti. The order granting their motion for summary judgment did not include the Civ.R. 54(B) language. Additionally, there is no evidence in the record that Militiev intended to abandon her claims against the John Doe defendants. Upon that issue alone, the court's order is not final and appealable.
Militiev v. McGee , 8th Dist. Cuyahoga No. 91356, 2009-Ohio-142, ¶¶ 6-10. See also Kinasz v. S.W. Gen. Health Ctr. , 8th Dist. Cuyahoga No. 100182, 2014-Ohio-402, 2014 WL 504885, ¶ 8 ("where an action includes claims against John Doe defendants as to which the one-year period for service has not expired and the plaintiff has not expressly abandoned the claims against the John Doe defendants, a judgment in favor of other defendants that does not include the 'no just reason for delay' language of Civ.R. 54(B) is not a final, appealable order").
{¶ 5} In contrast, some courts simply hold that if the claim was not commenced, it need not be resolved:
Although the issue was not raised by the parties, we pause to consider sua sponte whether this judgment entry was a final, appealable order. The Ziviches sued not only the Soccer Club and the city, but also fifty John Does. It is clear from reading the complaint that the Ziviches sought to bring suit against any unknown persons within the Soccer Club or the city that could have been responsible for the purchase, installation, or maintenance of the soccer goals used in Garfield Park. Also, claims three, four, and five are not fairly applicable to the Soccer Club or the city. These actions are aimed at the manufacturer or distributer of the soccer goal that injured Bryan. There are no allegations, and there is no evidence, that the Soccer Club or the city designed or built the goal that injured Bryan.
Though the Soccer Club and the city have been granted summary judgment on those claims applicable to them, there has been no resolution of the other claims against the John Does, individual Soccer Club and city officials, and the manufacturer and distributors of the soccer goal. The trial court's judgment entry does not indicate that there is "no just reason for delay," which is the hallmark of a final order adjudicating fewer than all of the claims raised in a lawsuit under Civ.R. 54(B).
However, the Ziviches have not obtained service of process on any John Doe defendant pursuant to Civ.R. 3(A). Consequently, these claims have never duly commenced. Therefore, the trial court's order resolving the claims against the Soccer Club and the city did not leave behind unfinished business. Under these circumstances, the judgment entry constitutes a final, appealable order. Drexler v. Greater Cleveland Regional Transit Auth. (1992), 80 Ohio App.3d 367, 369, 609 N.E.2d 231, 232.
*506 Zivich v. Mentor Soccer Club, Inc. , 11th Dist. Lake No. 95-L-184, 1997 WL 203646, *2, aff'd on other grounds , 82 Ohio St.3d 367, 696 N.E.2d 201 (1998). See also Roberts v. Hagen, 9th Dist. Medina No. 2845-M, 2000 WL 150766, *1, fn. 1 (Feb. 9, 2000) ("The sole count against XYZ Corporation was never resolved by the trial court. However, because XYZ Corporation was never served as required by Civ.R. 3(A) and 15(D), the action was never commenced as to that party, and the trial court's order is a final, appealable order").
{¶ 6} In Zivich , the one-year time limit, although the court did not expressly analyze it, had not yet expired.[1] Zivich relies on Drexler , which is an older Eighth District case. The Eighth District, as noted above, now considers whether the time to commence has expired.
{¶ 7} Upon consideration, we conclude that the better position is to require Civ.R. 54(B) certification in this circumstance. Although the claims against a John Doe defendant may not have been commenced, they could be in the future. We therefore hold that where a civil action includes claims against John Doe defendants as to which the one-year period for service has not expired, and the plaintiff has not expressly abandoned those claims, a judgment in favor of other defendants that does not include a certification pursuant to Civ.R. 54(B) is not a final appealable order. Applying this rule here, we conclude that the order on appeal is not final and appealable.
{¶ 8} The plaintiffs in the underlying case sued the Dayton Board of Education and Jane and John Doe Employees, # 1-10 after a student was injured at a local school. The plaintiffs also named XYZ Corporation, an apparent fictitious name placeholder for a corporation that may have been important to their claim. The Complaint somewhat nebulously stated: "Plaintiff is unaware of the true name, identity and capacity, whether individual, corporate, associate, or otherwise of the Defendants sued herein as Jane/John Doe Employees and XYZ Corporation and will amend this Complaint so as to more specifically set forth the name and identity of the Doe Defendant when they have been determined." The Complaint was filed on June 26, 2018. It was not amended.
{¶ 9} The Board of Education and the Jane/John Doe Employees promptly answered the complaint and filed a motion for judgment on the pleadings, which the trial court granted on September 24, 2018. The plaintiffs did not substitute a proper party for XYZ Corporation or serve any such party by that time. Pursuant to Civ.R. 3(A)[2] and Civ.R. 15(D),[3] they have one year, or until June 26, 2019, to do so.
*507 {¶ 10} When the trial court granted the motion for judgment on the pleadings, it said that the order was final and appealable, but did not include the specific language required by Civ.R. 54(B) that there was "no just reason for delay." See Noble v. Colwell , 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989) (" Rule 54(B) makes mandatory the use of the language, 'there is no just reason for delay' ").
{¶ 11} Because the claim against XYZ Corporation was not resolved or abandoned, and the trial court did not include a certification pursuant to Civ.R. 54(B), the September 24, 2018 Decision is not a final appealable order. See Brown v. Good Samaritan Hosp. & Health Care Ctr. , 2d Dist. Montgomery No. 15959, 1997 WL 165431, *6 (Mar. 21, 1997) ("Absent [ Civ.R. 54(B) ] certification, a final order is not appealable if, as here, other claims remain for determination"). We lack jurisdiction to hear this appeal.
{¶ 12} We find our show cause order NOT SATISFIED. This matter, Montgomery Appellate Case No. 28144, is DISMISSED.
{¶ 13} Pursuant to Ohio App.R. 30(A), it is hereby ordered that the Clerk of the Montgomery County Court of Appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the mailing. Costs taxed pursuant to App.R. 24.
SO ORDERED.

The complaint was filed on January 30, 1995; summary judgment was granted on November 16, 1995.

Civ.R. 3(A) provides: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D)."

Civ.R. 15(D) provides: "Amendments where name of party unknown. When the plaintiff does not know the name of a defendant, that defendant may be designated in a pleading or proceeding by any name and description. When the name is discovered, the pleading or proceeding must be amended accordingly. The plaintiff, in such case, must aver in the complaint the fact that he could not discover the name. The summons must contain the words 'name unknown,' and a copy thereof must be served personally upon the defendant."